IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY K. CHAMBLISS ) <br> 1 Trestlewood Court ) <br> Randallstown, Maryland 21133 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION ) <br> 60 Massachusetts Avenue, N.E. ) <br> Washington, D.C. 20002 ) <br> ) <br> STEVEN S. SNYDER ) <br> 1401 W Street, N.E. ) <br> Washington, D.C. 20018 ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:05CV02490-CKK |

ANSWER AND AFFIRMATIVE DEFENSES

Defendants National Railroad Passenger Corporation ("Amtrak") and Steven S. Snyder ("Synder") answer the numbered paragraphs of the Complaint as follows:

1. Defendants state that the allegations stated in paragraph 1 of the Complaint contain legal conclusions to which no responsive pleading is required. To the extent the allegations stated in paragraph 1 require a responsive pleading, Defendants admit that Plaintiff Chambliss is an adult and a current employee of Amtrak and has been employed by Amtrak since November 1989. Defendants state that they lack information or knowledge sufficient to form a belief as the remaining allegations stated in paragraph 1 of the Complaint.

2. Defendants state that the allegations stated in paragraph 2 of the Complaint are vague and ambiguous. Defendants state that Amtrak is a corporation doing business in

Washington, D.C. Defendants deny the remaining allegations stated in paragraph 2 of the Complaint.

3. Defendants state that the allegations stated in paragraph 3 of the Complaint are vague and ambiguous. Defendants state that Steven S. Snyder is a white male and served for a period of time as Chambliss' supervisor. Defendants deny the remaining allegations stated in paragraph 3 of the Complaint.

4. Defendants state that the allegations stated in paragraph 4 of the Complaint are vague and ambiguous. Defendants deny the allegations stated in paragraph 4 of the Complaint.

5. In response to the allegations stated in paragraph 5 of the Complaint, Defendants deny that any "attack" occurred. Defendants admit that Chambliss filed a report with the Amtrak police in May 2004, alleging that Snyder threw a safety book and hit him in the face.

6. In response to the allegations stated in paragraph 6 of the Complaint, Defendants deny that any "attack" occurred. Defendants deny the remaining allegations stated in paragraph 6 of the Complaint.

7. Defendants admit the allegations stated in paragraph 7 of the Complaint.

8. Defendants deny the allegations stated in paragraph 8 of the Complaint.

9. In response to the allegations stated in paragraph 9 of the Complaint, Defendants deny that any "attack" occurred. Defendants admit that Amtrak has not terminated Snyder's employment.

10. Defendants deny the allegations stated in paragraph 10 of the Complaint.

11. Defendants state that the allegations stated in paragraph 11 of the Complaint are vague and ambiguous. Defendants state that Chambliss filed a grievance with his Union after his

employment was terminated.  Pursuant to the contractually-established grievance resolution procedure, Chambliss' employment was reinstated.

12. Defendants state that the allegations stated in paragraph 12 of the Complaint are vague and ambiguous.  Defendants deny that Amtrak discriminates against its employees on the basis of their race, or any other protected criteria and deny that Amtrak engaged in unlawful disparate treatment of any group of employees.  Defendants deny the remaining allegations stated in paragraph 12 of the Complaint.

13. In response to the allegations stated in paragraph 13 of the Complaint, Defendants deny that Amtrak applies its disciplinary policies and practices in a disparate manner.  Amtrak further states that, to the extent Chambliss seeks injunctive relief as part of this Complaint, his claims are without merit and he is not entitled to such relief.  Defendants deny the remaining allegations stated in paragraph 13 of the Complaint.

14. Defendants deny the allegations stated in the first sentence of paragraph 14 of the Complaint.  Defendants state that the allegations stated in the second sentence of paragraph 14 of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent the allegations stated in the second sentence of paragraph 14 require a responsive pleading, Defendants admit that Chambliss filed a timely charge with the EEOC.  Defendants state that they lack information or knowledge sufficient to form a belief as the remaining allegations stated in paragraph 14 of the Complaint.

## RESPONSE TO COUNT ONE

15. Defendants hereby incorporate their responses to paragraphs 1-14 of the Complaint as if fully set forth herein.

16. Defendants deny the allegations stated in paragraph 16 of the Complaint.

17. Defendants deny the allegations stated in paragraph 17 of the Complaint.

18. Defendants state that the allegations stated in the paragraph 18 of the Complaint are incomplete and, thus, vague and ambiguous. Defendants deny the allegations stated in paragraph 18 of the Complaint.

19. Defendants state that the allegations stated in paragraph 19 of the Complaint are vague and ambiguous. Defendants deny the allegations stated in paragraph 19 of the Complaint.

20. Defendants deny the allegations stated in paragraph 20 of the Complaint and deny that Chambliss is entitled to any relief.

Chambliss' prayer for relief does not require a response. To the extent a response is required, Defendants deny that Chambliss is entitled to any relief or to the relief he specifically requests.

## **RESPONSE TO COUNT TWO**

In response to the unnumbered paragraph following Chambiss' heading, Count Two Retaliation, Defendants hereby incorporate their response to paragraphs 1-20 of the Complaint as if set forth herein. Defendants further state that the claims of Count Two are alleged only against defendant Amtrak and no claims are raised in this Count against defendant Snyder.

21. Defendants state that the allegations stated in paragraph 21 of the Complaint are vague and ambiguous. Defendants deny subjecting Chambliss to disparate treatment, discriminating against Chambliss based on his race or any other protected criteria, or retaliating against Chambliss for exercising his lawful rights. Defendants deny the remaining allegations stated in paragraph 21 of the Complaint.

22. Defendants state that the allegations stated in the paragraph 22 (also numbered paragraph 1) of the Complaint are incomplete and, thus, vague and ambiguous. Defendants deny the allegations stated in paragraph 22 (also numbered paragraph 1) of the Complaint.

23. Defendants state that the allegations stated in paragraph 23 (also numbered paragraph 2) of the Complaint are vague and ambiguous. Defendants deny the allegations stated in paragraph 23 (also numbered paragraph 2) of the Complaint.

Chambliss' prayer for relief does not require a response. To the extent a response is required, Defendants deny that Chambliss is entitled to any relief or to the relief he specifically requests.

## RESPONSE TO COUNT THREE

24. In response to the allegations stated in paragraph 24 (also numbered paragraph 1) of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-23 of the Complaint and to the unnumbered paragraphs as if fully set forth herein. Defendants further state that the claims of Count Three are alleged only against defendant Snyder and no claims are raised in this Count against defendant Amtrak.

25. Defendants state that the allegations stated in paragraph 25 (also numbered paragraph 3) of the Complaint contain legal conclusions to which no responsive pleading is required. To the extent the allegations stated in paragraph 25 required a responsive pleading, Defendants deny the allegations stated in paragraph 25 (also numbered paragraph 3) of the Complaint.

26. Defendants deny the allegations stated in paragraph 26 (also numbered paragraph 4) of the Complaint.

27. Defendants deny the allegations stated in paragraph 27 of the Complaint.

Chambliss' prayer for relief does not require a response. To the extent a response is required, Defendants deny that Chambliss is entitled to any relief or to the relief he specifically requests.

## RESPONSE TO COUNT FOUR

28. In response to the allegations stated in paragraph 28 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-27 of the Complaint and to the unnumbered paragraphs as if fully set forth herein. Defendants further state that the claims of Count Four are alleged only against defendant Snyder and no claims are raised in this Count against defendant Amtrak.

29. Defendants state that the allegations stated in paragraph 29 of the Complaint are vague and ambiguous. Defendants deny that any act of defendant Snyder caused Chambliss' termination. Defendants deny the remaining allegations stated in paragraph 29 of the Complaint.

30. In response to the allegations stated in paragraph 30 of the Complaint, Defendants deny that Snyder caused Chambliss to be terminated from his employment with Amtrak. In response to the allegation that Snyder occupied a managerial position with Amtrak, Amtrak states that this allegation is vague and ambiguous because Chambliss does not identify the time period to which he is referring. Defendants admit that at the time of Chambliss' termination, Snyder was his supervisor. Defendants deny the remaining allegations stated in paragraph 30 of the Complaint.

31. Defendants deny the allegations stated in paragraph 31 of the Complaint.

32. Defendants deny the allegations stated in paragraph 32 (also numbered paragraph 5) of the Complaint.

33. Defendants state that the allegations stated in paragraph 33 (also numbered paragraph 6) of the Complaint are vague and ambiguous. Defendants deny the allegations stated in paragraph 33 (also numbered paragraph 6) of the Complaint.

34. Defendants deny the allegations stated in Paragraph 34 (also numbered paragraph 7) of the Complaint and deny that Chambliss is entitled to any relief for this Count.

Chambliss' prayer for relief does not require a response. To the extent a response is required, Defendants deny that Chambliss is entitled to any relief or to the relief he specifically requests.

## RESPONSE TO COUNT FIVE

35. In response to the allegations stated in paragraph 22 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-34 of the Complaint and to the unnumbered paragraphs as if fully set forth herein. Defendants further state that the claims of Count Five are alleged only against defendant Snyder and no claims are raised in this Count against defendant Amtrak.

36. Defendants deny the allegations stated in the paragraph numbered 23 of the Complaint.

37. Defendants state that the allegations stated in the paragraph numbered 24 of the Complaint are incomplete and, thus, vague and ambiguous. Defendants deny that any racial discrimination was practiced against Chambliss and deny the remaining allegations stated in paragraph numbered 24 of the Complaint.

38. Defendants state that the allegations stated in the paragraph numbered 25 are vague and ambiguous as no acts of "defendants" are alleged in this Count. Defendants deny the allegations stated in the paragraph numbered 25 of the Complaint.

39. Defendants state that the allegations stated in the paragraph numbered 26 are vague and ambiguous as no claims are raised against "defendants" in this Count. Defendants deny the allegations stated in the paragraph numbered 26 of the Complaint.

In response to the unnumbered lines on page 8 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-25 of the Complaint as if set forth herein. Defendants further deny that Chambliss is entitled to any damages, prejudgment interest, interest or "cost."

Chambliss' jury demand does not require a response. Amtrak demands a trial by jury on all issues so triable.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in pat, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants did not violate Plaintiff's rights under Title VII, Section 1981, or the common law of the District of Columbia, and did not discriminate against Plaintiff in any way.

## THIRD AFFIRMATIVE DEFENSE

On information and belief, Plaintiff failed to exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The employment decisions in question were based on legitimate, business-related factors, and were not based on in any way on race, gender or any other prohibited criteria.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims were not timely filed and are barred by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants cannot be found liable because Amtrak established an internal procedure to respond effectively to claims of harassment, which Plaintiff failed to utilize.

## NINTH AFFIRMATIVE DEFENSE

Defendants cannot be found liable for punitive damages in this case because they have engaged in good faith efforts to comply with Title VII.

## TENTH AFFIRMATIVE DEFENSE

Amtrak may not be held liable for the actions of any employee for conduct outside the scope of his/her employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the Railway Labor Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the Federal Employer Liability Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

Defendants deny all allegations of the Complaint not specifically admitted herein.

Defendants further reserve the right to assert any additional defense that may become relevant or apparent during the course of discovery or otherwise during the course of this litigation.

WHEREFORE, Defendants National Railroad Passenger Corporation and Steven S. Snyder respectfully requests that the Court dismiss the Complaint with prejudice and award Defendant its costs and attorney's fees incurred in defending this action and any further relief that the Court deems appropriate.

                Respectfully submitted,

                /s/ Keith Fischler
                Keith Fischler (Bar No. 377601)
                Kruchko & Fries
                1750 Tysons Boulevard, Suite 560
                McLean, VA 22102
                (703) 734-0554
                (703) 734-0876 (fax)

                Denyse Nelson
                National Railroad Passenger Corporation
                60 Massachusetts Avenue, N.E.
                Washington, D.C. 20002
                (202) 906-3185
                (202) 906-2821 (fax)

                Counsel for Defendants
                National Railroad Passenger Corporation
                and Steven S. Snyder

Dated: February 10, 2006

CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006 I served a copy of the foregoing Answer and Affirmative Defenses electronically and by first-class mail on:

    Norris C. Ramsey, Esq.
    2122 Maryland Avenue
    Baltimore, MD 21218

                                      /s/ Keith Fischler