IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY K. CHAMBLISS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION, et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05CV02490-CKK |

## REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

John G. Kruchko
Keith Fischler
D.C. Bar No. 377601
KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

Counsel for Defendants
National Railroad Passenger
Corporation and Steven Snyder

August 4, 2006

# TABLE OF CONTENTS

TABLE OF CASES AND OTHER AUTHORITIES ............ ii

I. THE COURT SHOULD NOT CONSIDER
PLAINTIFF'S OPPOSITION MEMORANDUM ............ 2

II. PLAINTIFF FAILED TO FILE A PROPER
LOCAL RULE LCVR 7(h) STATEMENT ............ 3

III. PLAINTIFF CONCEDES THAT HIS TITLE VII CLAIMS AND
COUNTS THREE, FOUR AND FIVE SHOULD BE DISMISSED   4

IV. PLAINTIFF'S CLAIMS UNDER SECTION 1981 SHOULD BE
DISMISSED ................................. 5

    A. Chambliss Cannot Establish Pretext ............ 5

    B. The Court Should Not Credit Chambliss'
    Accusations Regarding Snyder's Behavior ............ 7

        1. The Court should not consider
        Chambliss' supporting evidence ............ 8

        2. Chambliss is solely responsible for his misconduct   9

        3. Chambliss and Snyder are not similarly situated   10

CONCLUSION ............................... 12

## TABLE OF CASES AND OTHER AUTHORITES

CASES:

* *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) . . . . . . . . . . . . . . .  9

*Broderick v. Donaldson*, 437 F.3d 1226 (D.C. Cir. 2006) . . . . . . . . . . . . . .  7

* *Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999) . . . . . . . . . . . . . .  7

* *Burke v. Gould*, 286 F.3d 513 (D.C. 2002) . . . . . . . . . . . . . . . . . .  8-9

*Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1 (D.C. 1997)  8

*Holbrook v. Reno*, 196 F.3d 255 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . .  5

* *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.*,
   101 F.3d 145 (D.C. Cir. 1996)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

* *Mack v. Strauss*, 134 F. Supp.2d 103 (D.D.C. 2001) . . . . . . . . . . . . . .  4, 9, 10

* *Mbulu v. Bureau of National Affairs, Inc.*, 2006 U.S. Dist. LEXIS 7364,
   (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507 (D.C. Cir. 1995)  11

*Phillips v. Holladay Prop. Servs.*, 937 F. Supp. 32 (D.D.C. 1996), *aff'd*,
   *Phillips v. Holladay Corp*, 1997 U.S. App. LEXIS 19033 (D.C. Cir. 1997)  10

* *SEC v. Banner Fund Int'l*, 211 F.3d 602 (D.C. Cir. 2000) . . . . . . . . . . . . . .  3-4

OTHER AUTHORITY:

* Fed. R. Civ. P. 56(e)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  passim

* Local Rule LCvR 7(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3-4

* Local Rule LCvR 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3-4

* Indicates cases or other authority chiefly relied upon.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY K. CHAMBLISS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION, et al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:05CV02490-CKK |

REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants National Railroad Passenger Corporation ("Amtrak") and Steven Snyder file this memorandum in response to the belated opposition memorandum filed by plaintiff Jerry K. Chambliss on July 31, 2006. Chambliss' memorandum fails to comply with the Court's requirements, concedes most of the arguments advanced by defendants, and fails to state any basis that would sustain plaintiff's sole remaining claim. The Court should grant defendants' motion for summary judgment in all respects and should dismiss the five counts stated in the Complaint with prejudice.[1]

---

[1] Plaintiff's filing consists of four documents and one additional document filed approximately two hours later. The initial filing consists of two copies of Plaintiff's Answer and Memorandum in Opposition to Defendants [sic] Motion for Summary Judgment (9 pages), one copy of Chambliss Statement of Facts (13 pages), and a page titled, "Attachments, Appendix" (1 page). The subsequent filing consists of the deposition transcript of Christopher Bello in Case No. 24-C-04-008216, before the Circuit Court for Baltimore City, dated September 27, 2005.
   The "Attachments, Appendix" page seeks to identify a number of exhibits, but only the Bello deposition transcript (No. 12 on the list) has been filed with the Court. Defendants move to strike all the exhibits that are listed, but were not served or filed. Defendants further object to the exhibits identified in the "Attachment/Apppendix," on that grounds that they have not been authenticated in this case. Plaintiff has failed to

I.  THE COURT SHOULD NOT CONSIDER
    PLAINTIFF'S OPPOSITION MEMORANDUM

On June 5, 2006, the Court issued a Scheduling and Procedures Order, setting the deadlines for dispositive motions. These deadlines were established with the consent of the parties at a hearing in open court. Defendants' motion for summary judgment was due on July 7 and was filed in compliance with that deadline. Plaintiff's opposition was due on July 28, but Chambliss failed to file either a memorandum in opposition or a request for an extension of time by that deadline.

On July 31, 2006, defendants filed a reply memorandum, noting plaintiff's failure to comply with the Scheduling and Procedures Order, and asking the Court to grant their motion. Only after receiving this July 31 filing, which apparently served to remind plaintiff of his obligations, did Chambliss file his opposition memorandum. Significantly, his memorandum is not accompanied by any explanation for his violation of the Court's June 5, 2006 Order or by a request for leave to file out of time.

As defendants stated in their July 31 memorandum, plaintiff's failure to comply with the Scheduling and Procedures Order should have significant consequences. The Court should not consider this late filing, particularly because plaintiff has failed to make any effort to explain his disregard for the Court's schedule. The Court should treat the Motion as conceded and grant summary judgment in defendants' favor.

---

include an affidavit or any other explanation for these documents. Fed. R. Civ. P. 56(e). In addition, these documents appear to include inadmissible evidence. For example, No. 3 on the list purports to identify medical records from Dr. Jeffrey Gabor and Assocates. Plaintiff missed the Court's deadline for identifying an expert witness and cannot now rely on evidence that could only be introduced by an expert witness.

II. **PLAINTIFF FAILED TO FILE A PROPER LOCAL RULE LCvR 7(h) STATEMENT**

The Court's Scheduling and Procedures Order specifically states:

> A party responding to a statement of material facts must respond *to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied.* The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of the responsive statement of facts. *At all points, parties must furnish precise citations to the portions of the record on which they rely.*

Scheduling and Procedures Order, at 1-2 (emphasis added). Plaintiff failed to comply with this requirement. Instead, plaintiff filed a Statement of Facts that includes numerous paragraphs with no citation to the record whatsoever. The remaining paragraphs rely on documents that plaintiff has not filed and that are not part of the record.

As an appropriate sanction for this violation of the Scheduling and Procedures Order, the Court should treat all the facts identified by defendants in their Statement of Material Facts Not in Dispute as conceded. Scheduling and Procedures Order, at 2 ("[t]he Court assumes facts identified by the moving party in its statement of material facts are admitted unless such fact in controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(b), 56.1").

In *SEC v. Banner Fund Int'l.*, 211 F.3d 602, 616 (D.C. Cir. 2000), the non-moving party failed to comply with the Local Court Rules. It filed a response and an affidavit, neither of which pointed to specific parts of the record controverting the SEC's statement of undisputed facts. The Court of Appeals held the district court was fully justified in treating as admitted the SEC's statement of material facts.

> "[i]f the party opposing the motion fails to comply with this local rule, then "the district court is under no obligation to sift through the record"

and should "[i]nstead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7.1(h)] statement."

*Id.* (quoting *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.*, 101 F.3d 145, 154 (D.C. Cir. 1996)); *see Mack v. Strauss*, 134 F. Supp.2d 103, 107-08 (D.D.C. 2001) (where plaintiff's Statement of Material Facts violates the requirements of Local Rule LCvR 7(h) because it fails to provide support for each contention, because it relies on hearsay, because "plaintiff fails to attach some of the documents that he makes reference to in his affidavit," and because his statement is "riddled with self-serving, conclusory statements as to his supervisors motivations and argumentative characterizations of their actions," "the Statement of Material Facts cannot serve to refute any of the specific factual assertions that defendant has proffered"). For the same reasons, Chambliss' Statement is inadequate and he should he deemed to have admitted the facts in defendants' Statement of Material Facts Not in Dispute.

III.  **PLAINTIFF CONCEDES THAT HIS TITLE VII CLAIMS AND COUNTS THREE, FOUR AND FIVE SHOULD BE DISMISSED**

Even if the Court were to consider plaintiff's arguments, counts three, four and five of the Complaint and plaintiff's Title VII claims cannot survive. All of these claims are waived in plaintiff's response.

Chambliss expressly acknowledges that his Title VII claims are time-barred. Plaintiff's Answer and Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Opposition Memorandum") at 4 ("Plaintiff concedes that he did not timely file discharge [sic] of discrimination with EEOC, and, title VII is thus not applicable").

Plaintiff also makes no effort to save the tort claims in his complaint. He fails to respond to defendants' arguments that his assault and battery allegations (count three) are

time barred. Chambliss fails to dispute defendants' argument that his claims of interference with contractual relationships (count four) fail to state a cause of action, both because Snyder took no action to interfere with Chambliss' employment and because Chambliss received all of his contractual rights. Finally, Chambliss also makes no response to defendants' arguments that his intentional infliction of emotional distress claims (count five) fail because they are time barred and because, as a matter of law, plaintiff cannot meet the high standard of proof required for this tort. Thus, the Court should grant summary judgment and dismiss each of these counts with prejudice.

IV. PLAINTIFF'S CLAIMS UNDER SECTION 1981 SHOULD BE DISMISSED

Finally, even if the Court considers his memorandum in opposition, Chambliss cannot save his section 1981 claims of discrimination and retaliation, the only claims he even tries to preserve. His claims fail because Chambliss ignores the legitimate, non-discriminatory reasons Amtrak has advanced for imposing discipline. Chambliss has not disputed these reasons and therefore concedes their veracity. Moreover, Chambliss' attempts to create confusion by accusing defendant Snyder of racism fail to raise a genuine issue as to any material fact.

    A.    Chambliss Cannot Establish Pretext

Chambliss argues in his Opposition Memorandum that he has established a prima facie case of discrimination and retaliation. Opposition Memorandum at 4-5, 7-8. This argument, even if accepted for purposes of this Motion, misses the point.[2] Amtrak has

---

[2] Defendants dispute that Chambliss can establish a prima facie case for either retaliation or discrimination. To establish a prima facie case, a plaintiff must show that he was treated differently from similarly situated employees who were not in the protected group. *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999). Chambliss has failed to identify any similarly situated employee who received a lesser punishment.

put forward the business-related reasons for its decision to discipline Chambliss. As set forth in detail in its initial Memorandum, Chambliss was appropriately disciplined because he failed to report the injury he allegedly suffered in a timely manner, he violated Amtrak's National Systems Attendance Policy, and failed to deal honestly and accurately with his supervisors. Statement at ¶¶ 14-22.

Chambliss has made no real effort to rebut these facts or to satisfy his obligation to show that defendants' explanation is pretext. As stated previously, Chambliss failed to file a proper Local Rule LCvR7(b) Statement and his rambling "Chambliss Statement of Facts" does not rebut the legitimate, non-discriminatory reasons underlying his discipline in his Statement of Facts.[3] Significantly, he has provided no evidence disputing the relevance of the policies cited by Amtrak, Exhibit J to Statement, or the facts that establish his clear violations of these policies. Statement at ¶¶ 14-22. He also has provided no evidence indicating that Amtrak applied these policies inconsistently.

---

[3] Plaintiff takes a weak pass at defendants' reasons for disciplining him, but misconstrues the facts and contradicts his own Complaint. Chambliss cites documents from Dr. Gaber, which have not been filed. He contends that these documents would prove that he was injured. Opposition Memorandum at 7. Whether he was injured, however, is not at issue in this case. Instead, the only issues in this case are when he reported the injury and whether he was reported truthfully to his supervisors. Statement at ¶¶ 19-22. Chambliss cited the correct reasons he was disciplined in his Complaint. See Complaint at ¶ 10 (plaintiff was terminated, inter alia, for late reporting of an injury).

He also argues that that fact that he was reinstated establishes that "absenteeism was insufficient to cause the plaintiff's termination." Opposition Memorandum at 7. This contention is erroneous for two reasons. First, as Chambliss' complaint establishes, defendants do not rely solely on absenteeism, but have documented three examples of misconduct as the reason for Chambliss' discipline. Complaint at ¶ 10 (plaintiff was terminated for absenteeism, allegedly falsifying an injury and late reporting of an injury); see Statement at ¶¶ 16-22. Second, this suit does not challenge plaintiff's termination. Both parties recognize that Chambliss was reinstated and has returned to Amtrak's employment. Statement at ¶¶ 24-26; Complaint at ¶ 11; Memorandum in Support of Defendants' Motion for Summary Judgment at 10 n.6. Plaintiff filed this suit to recover damages because his reinstatement was without back pay, a sanction expressly approved by the Arbitration Board. Statement at ¶ 24; Complaint at ¶ 11.

As a result, Chambliss cannot meet his burden of proof for either discrimination or retaliation. Instead, the undisputed facts, as conceded by Chambliss, show that he was disciplined because of non-discriminatory, business-related reasons. Summary judgment is therefore appropriate. *Brown v. Brody,* 199 F.3d 446, 458 (D.C. Cir. 1999) (affirming summary judgment in defendant's favor where plaintiff failed to show that the employer's explanations for its actions were a pretext for discrimination and retaliation).

The same facts preclude Chambliss' retaliation claim. Even accepting his contention that he complained at some point in time about Snyder, he does not contest that he was terminated for legitimate, non-discriminatory reasons. This misconduct establishes an intervening cause that justifies Amtrak's decision to impose discipline. *See Broderick v. Donaldson,* 437 F.3d 1226, 1234 n.3 (D.C. Cir. 2006) (retaliation claim fails when employer put forward a legitimate, non-discriminatory reason for the adverse action and plaintiff "failed to present sufficient evidence on which a reasonable jury could decide that this proffered justification was mere pretext").

    B.    The Court Should Not Credit Chambliss' Accusations Regarding Snyder's Behavior

Chambliss tries to evade responsibility for his misconduct by accusing Snyder of racism and other bad acts. Chambliss has failed to provide valid support for his claims. Further, these claims are wholly irrelevant to the issues raised in the Complaint. Snyder's behavior, whether racist or not, had no bearing either on Chambliss' admitted misconduct or Amtrak's appropriate decision to impose discipline. For these reasons, Chambliss' arguments should not be credited.

1. The Court should not consider
Chambliss' supporting evidence

As a preliminary matter, the Court should not consider Chambliss' allegations about Snyder's behavior. Chambliss has not supported these claims with appropriate evidence.

First, Chambliss has not provided the Court or opposing counsel with the documents he purportedly cites, except for the transcript of Mr. Bello's deposition. The remaining "exhibits" are not part of the record and were never filed or served. Instead, Chambliss simply lists these "exhibits" in a document titled "Attachment, Appendix." Plaintiff should not be permitted to rely on material he has neglected to file.

In addition, from the references stated in Chambliss' Opposition Memorandum and his Statement of Facts it appears that these documents rely on hearsay and gossip overheard in the workplace. *See e.g.,* Chambliss Statement of Facts at ¶ 11 ("[o]n 6/12/03, an individual from the defendant's diversity Department said they [sic] memo to file claiming that the plaintiff had alleged discrimination"); *id.* at 23 (deposition of Dawn Marcella revealed that, on August 22, 2002, Mr. Charlus had complained about Steven Snyder's conduct); *id.* at ¶ 29 ("Mr. Bello did not seem to want to hear the complete story of what happened on that day"). Such hearsay is inadmissible. *Commercial Drapery Contractors, Inc. v. United States,* 133 F.3d 1, 7 (D.C. 1997) (affidavit consisting of inadmissible hearsay is not sufficient to defeat summary judgment).

Chambliss cannot satisfy his burden of proof with innuendo, hearsay, and incomplete evidence. *Burke v. Gould,* 286 F.3d 513, 517 (D.C. 2002) (party opposing summary judgment must set forth, by affidavit or as otherwise permitted under Fed. R. Civ. P. 56(e), specific facts showing that there is a genuine issue for trial) (*citing*

*Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)); *see Mack v. Strauss,* 134 F. Supp.2d 103, 107-08 (D.D.C. 2001).

    2. <u>Chambliss is solely responsible for his misconduct</u>

  Chambliss offers two inconsistent theories to support his claim that the Court should consider Snyder's alleged racism. First, Chambliss argues that Snyder was motivated by racism when he threw the four-ounce safety manual at him on May 10, 2004. Chambliss alleges that, because of this motivation, Snyder started the events in motion leading to his termination and subsequent reinstatement. *See* Memorandum in Support of Defendants' Motion for Summary Judgment at 16.

  There is no basis for this claim. First, Chambliss provides no support whatsoever for his conjecture that the May 10th incident was motivated by "racism." Snyder has specifically stated that he was only kidding and that he meant his actions as a joke. Statement at ¶ 6; *see* Exhibit F to Statement at 3-4.

  More importantly, whatever opinions Snyder may hold, his views had no bearing on Chambliss' conduct or the discipline imposed in response to this conduct. Chambliss was not disciplined because he was involved in the May 10th incident. Instead, he was disciplined because of his choices afterward, when he failed to report an alleged injury, took absences in excess of the Company's attendance benchmark and failed to provide accurate and timely information to his supervisors. Statement at ¶¶ 14-22. Snyder played no role in Chambliss' decision to engage in this misconduct or Amtrak's decision to impose discipline.

  Chambliss intentionally violated Amtrak policy. Nothing Snyder did, regardless of his attitude toward race, had any bearing on the events for which Chambliss was

disciplined. Chambliss cannot evade responsibility for his choices by blaming a co-worker who may or may not hold inappropriate opinions.

### 3. Chambliss and Snyder are not similarly situated

Alternatively, Chambliss appears to compare himself with Snyder and complains that despite Snyder's allegedly racist behavior, Amtrak discipline him more severely. Because he is African-American and Snyder is white, Chambliss claims race discrimination is the only possible explanation. However, Chambliss seeks to compare apples and oranges. He is not similarly situated to Snyder and his claims about Snyder's alleged behavior are immaterial. *See Mbulu v. Bureau of National Affairs, Inc.*, 2006 U.S. Dist. LEXIS 7364, *24 (D.D.C. 2006) ("to be similarly situated, plaintiff must establish that his employment situation was similar in all relevant regards to those with whom he seeks comparison;" "[i]n particular, the co-workers 'must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it'") (*quoting Phillips v. Holladay Prop. Servs.*, 937 F. Supp. 32, 37 (D.D.C. 1996), *aff'd Phillips v. Holladay Corp.*, 1997 U.S. App. LEXIS 19033 (D.C. Cir. 1997)).

Chambliss and Snyder did not work in the same job or for the same supervisor. In contrast, Snyder was Chambliss' supervisor during the time period at issue in this case. Statement at ¶ 3 ("Defendant Steven Snyder supervised Chambliss during the time period relevant to this Complaint for at least one day a week"). *See Mack v. Strauss*, 134 F. Supp.2d 103, 114-15 (D.D.C. 2001) (supervisors and subordinates are not similarly situated).

Further, Chambliss has accused Snyder of behavior that is unrelated to his admitted misconduct and that arises under different provisions of Amtrak's policy. There is no reason the Company would impose the same discipline for unrelated violations.

There is also no evidence that Snyder and Chambliss have comparable disciplinary histories. As defendants established, and Chambliss concedes, "[t]hroughout his employment, Chambliss was repeatedly cited for violations of Amtrak's attendance policy, insubordination and other examples of misconduct." Statement at ¶ 2; *see* Statement at ¶ 18 (six occurrences of absence or tardiness within 90 days). Chambliss has produced no evidence regarding any disciplinary history for Snyder.

Chambliss' attempts to compare the way he and Snyder were allegedly treated are simply irrelevant. Amtrak can appropriately differentiate between employees in different classifications and employees who commit different violations of its policy. *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995) (to show employees are similarly situated, plaintiff is "required to demonstrate that all the relevant aspects of her employment situation were "nearly identical;" senior female associate and junior male associate with "entirely different problems" are not similarly situated) (citations omitted). Chambliss and Snyder are not similarly situated.

In sum, Chambliss has produced no evidence that would allow his section 1981 claims to survive summary judgment. Amtrak has set forth a legitimate, non-discriminatory reason for the discipline imposed and Chambliss cannot show this reason to be pretext. In fact, he has made no effort to dispute the veracity of Amtrak's justification. Moreover, Chambliss cannot properly claim disparate treatment. He has

produced no evidence that Amtrak applied its policies inconsistently and is unable to identify any other employee with a comparable disciplinary history who received a lesser punishment for the same offense.

## CONCLUSION

This case is ripe for summary disposition. There are no material issues of fact in dispute in this case. Defendants are entitled to judgment on all of plaintiff's claims as a matter of law.

Plaintiff failed to comply with the Court's Scheduling and Procedures Order. Because he failed to file his opposition to Defendants' summary judgment motion by the Court's deadline, the Court should consider the Motion conceded. The Court should also consider defendants' motion conceded because plaintiff failed to file a proper Rule 7(h) statement in opposition to defendants' statement of material facts not in dispute.

If the Court reaches the merits of plaintiff's response, it should find that plaintiff has conceded counts three, four and five. Chambliss has also conceded that his claims under Title VII are time-barred.

Finally, plaintiff has failed to provide any basis to preserve his remaining claims under section 1981. Defendants have established, and plaintiff does not dispute, that Chambliss was disciplined for legitimate, non-discriminatory reasons. Specifically, he clearly violated three well-established Amtrak policies. Plaintiff cannot show that this justification was pretext. In addition, plaintiff cannot show, and makes no effort to show, that other similarly situated employees were treated differently.

For these reasons, the Court should grant defendants' Motion for Summary Judgment. All five counts of the Complaint should be dismissed with prejudice.

Dated: August 4, 2006

Respectfully submitted,

KRUCHKO & FRIES

By: /s/ John G. Kruchko/ks
John G. Kruchko

/s/ Keith Fischler
Keith Fischler
D.C. Bar No. 377601

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, VA 22102
(703) 734-0554

Counsel for Defendants
National Railroad Passenger
Corporation and Steven Snyder