UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY K. CHAMBLISS,

   Plaintiff,

     v.

NATIONAL RAILROAD PASSENGER
CORPORATION and STEVEN S.
SNYDER,

   Defendants.

Civil Action No. 05-2490 (CKK)

**ORDER**

On June 5, 2006, the parties held a Status Conference in this action, wherein the Court set forth a briefing schedule for Defendants' anticipated Motion for Summary Judgment. As directed, Defendants filed their Motion for Summary Judgment on July 7, 2006. Plaintiff's Opposition, pursuant to the Court's June 5, 2006 Scheduling Order, was due July 28, 2006. Without any explanation, however, Plaintiff filed his Opposition on July 31, 2006 – not July 28, 2006 as was required. Moreover, as Plaintiff notes in his August 22, 2006 Errata, this filing was incomplete; due to alleged problems attaching his lengthy exhibits on ECF, all documents relevant to Plaintiff's Opposition were not posted by him until his series of "Additional Attachments" was uploaded on August 21 and August 22, 2006. Once again, Plaintiff has failed to explain the lengthy delay between his original, albeit belated posting of his Opposition and his new "Additional Attachments."

Upon an examination of Plaintiff's Opposition and the events in its wake, two problems are apparent. First, Defendants – pursuant to the agreed-upon June 5, 2006 Scheduling Order

issued by this Court – were required to file their Reply in Support of their Motion for Summary Judgment on August 4, 2006. Defendants met this challenge, but were forced to respond without a complete record due to Plaintiff's ECF-related failures; moreover, Defendants, due to Plaintiff's late Opposition, were also not afforded the complete time previously set out in preparing their Reply.

Second, a review of Plaintiff's "Statement of Material Facts" attached to his Opposition reveals that Plaintiff's "Statement" does not meet the requirements of Local Civil Rule 56.1 (identical to Local Civil Rule 7.1(h)). In resolving the present summary judgment motions, this Court "assumes that facts identified by the moving party in the statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 56.1. Contrary to Local Civil Rule 56.1, Plaintiff, in responding to Defendants' Statement of Material Facts Not in Dispute, has not provided "a separate *concise* statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." LCvR 56.1 (emphasis added). Rather than admitting, denying, or denying-in-part/ admitting-in-part each statement set out by Defendants in corresponding numbered paragraphs and supporting each response through citations to the record, as required by Local Civil Rule 56.1 and this Court's June 5, 2006 Scheduling Order, Plaintiff's "Statement of Material Facts" does not respond to the Counterclaim Defendants' Statement in any organized way.

The Court finds that this deviation from the mandate of the Local Civil Rule undermines the purpose of the Rule, which is to assist the Court in quickly determining which facts are actually in dispute. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996) ("[R]epeatedly blending factual assertions with legal argument, the

'relevant facts' section does not satisfy the purposes of a [Rule 56.1] statement."); *Robertson v. Am. Airlines*, 239 F. Supp. 2d 5 (D.D.C. 2002) (striking defendant's motion for summary judgment for noncompliance with Local Rule 7 and 56.1 because the "statement of material facts not in genuine dispute" included no citations to the record and improperly mixed factual allegations with argument); *Gibson v. Office of the Architect of the Capitol*, Civ. No. 00-2424(CKK), 2002 WL 32713321, at *1 n.1 (D.D.C. Nov. 19, 2002) ("Plaintiff's Statement is almost completely unhelpful to the Court as its provisions rarely address the facts outlined in Defendant's Statement, instead describing in lengthy detail the 'contextual and structural background' surrounding Defendant's stated facts. Such excess, unresponsive verbiage is a clear violation of both the letter and the spirit of Local Rule 56.1."); *see also Koken v. Auburn Mfg., Inc.*, Civ. No. 02-83B-C, 2004 WL 1877808, at *2 (D. Me. Aug. 24, 2004) (chastising plaintiff for responding to defendant's statement of material facts by failing to cite to the record and for using cross-references that in most cases referred to other additional statements in response to defendant's singular statement, stating "[p]resumably [plaintiff] found this technique expeditious. I, however, did not."); *Leanard v. Inhabitants of the Town of Van Buren*, 182 F. Supp. 2d 115 (D. Me. 2002) (deeming defendants' facts admitted in part because "many of Plaintiff's statements do not actually controvert the Defendants' fact that they purport to address").

Importantly, the purpose of Rule 56.1 was to "place the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Finnegan*, 101 F.3d at 151. Plaintiff, by belatedly filing his Opposition, filing an Opposition that was not complete, filing "additional attachments" nearly one month after the Opposition was submitted, and by filing a

"Statement of Facts" that deviates from the Local Rule has muddied this litigation and wrongfully placed the burden on the Court. However, rather than striking all documents contained within Plaintiff's attachments, or deeming his case conceded through his unapologetically late Opposition, the Court shall give Plaintiff one more opportunity in the interests of justice, which dictate that courts should reach the actual merits of this dispute. Accordingly, the Court shall (1) strike Plaintiff's Opposition in its entirety; and (2) give Plaintiff another opportunity to file an Opposition with all relevant documents attached, along with a "Statement of Material Facts Not in Dispute/Facts in Dispute" that corresponds with Local Civil Rule 56.1. Defendants will then be granted a new opportunity to file a complete and final Reply to Plaintiff's new Opposition. If Plaintiff does not file his new pleadings in a timely manner and in conformance with Local Civil Rule 56.1, his Opposition will be stricken and declared conceded without further notice.

As such, it is, this 24th day of August, 2006, hereby

**ORDERED** that [25] Defendants' Motion to Strike Plaintiff's "Additional Attachments" is DENIED AS MOOT; it is further

**ORDERED** that [18] Plaintiff's Memorandum in Opposition to [16] Defendants' Motion for Summary Judgment is stricken due to its violations of this Court's June 5, 2006 Scheduling Order and Local Civil Rule 56.1; it is further

**ORDERED** that Plaintiff is to file a new "Memorandum in Opposition to [16] Defendants' Motion for Summary Judgment" by no later than Friday, September 15, 2006, with all relevant documents attached as exhibits and with a "Statement of Material Facts" that comports with Local Civil Rule 56.1; it is further

**ORDERED** that Defendants are to submit a Reply to Plaintiff's new Opposition by no

later than Monday, October 9, 2006.

**SO ORDERED**.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge