# 2. PORTIONS OF CHAMBLISS PERSONNEL FILE

24

# 1. DOCUMENTS PLAINTIFF'S NOTICE TO THE DEFENDANT CONCERNING DISCRIMINATION INCLUDING EEOC DOCUMENTS.

2

Amtrak/Chambliss865

6/9 TC w/ Jerry Chambliss    410-736-2799 (cell)
                             410-496-4202 (home)

- on 5/10, he was struck in the face w/ a book by ARASA Supervisor Steve Snyder
- the incident happened in the HSR lunchroom after the morning Safety Mtg.
- Snyder almost hit him w/ a tissue he (Snyder) was throwing into a trashcan. Chambliss asked, "Are you trying to hit me?" Snyder said something like, "This is trying to hit you" and then he threw the book
- Chambliss was hit on the bridge of his nose. When he got home, his face started to swell
- Chambliss called his union rep. after the incident on 5/10. According to Chambliss, his union rep. reported it to Dino + Dino "did nothing"
- Snyder was allowed to remain on the property + continue working.
- the incident happened @ 7 a.m., but no one talked to Chambliss or asked for a statement until 12:45
- if Snyder ~~was~~ had been African American, he ~~wo~~ would have been taken out of service + asked to leave the property immediately
- there was a "lax attitude" about the incident
- Snyder still hasn't been punished for hitting him
- Chambliss' union rep. told him that Dino said the incident wasn't workplace violence because

16

②

Snyder threw the book as a joke
• Chambliss called the APD & filed a report w/
Officer Paz (incident # 0104009949)
• Chambliss has heard that Snyder has had problems
w/ African American employees on another Shift
• Snyder has been written up before

17

Case Manager Intake Form

☐ Date of intake:

6 | 9 | 04

☐ Complaint filed:
☐ in person
☒ by telephone
☐ in writing
☐ by email

☐ Name of person filing complaint:

*Jerry Chambliss*

☐ Complainant's home address:

1 Trestle Wood Court
Randallstown, MD 21133

☐ Complainant's home telephone number:

410-496-4202 ( home)
410-736-2799 (cell)

☐ Complainant's job title and work department:

Pipefitter, Mechanical Dept. (HSR)

☐ Complainant's work location:

Ivy City, Washington DC

☐ Complainant's work telephone number (if available):

n|a

//

Amtrak/Chambliss860

❑ Complainant's work schedule and best time to reach Complainant by telephone:

6 a.m. — 2 p.m. Su — Th

❑ Is Complainant:
   ☒ an agreement-covered employee; or
   ☐ management employee?

   If agreement-covered, which union?

   SMWIA

Individual (name and job title) against whom allegations initiated:

Steve Snyder , ARASA Supervisor
Dino Gierla , Asst. Superintendent

Nature of allegations: Give brief summary and attach intake notes.

Chambliss (A-A) was hit in the face w/ a book thrown by Snyder (White). He was allowed to continue working after Chambliss reported the incident to Dino. Dino didn't take the incident seriously. If Snyder had been African American, he would have been taken out of service + asked to leave the property

On what basis do you believe that you have been discriminated against/harassed?

(Race)            Color            Sex/Gender

Religion          Age              National Origin/Ethnicity

Disability        Veterans Status  Sexual Orientation

Retaliation       Harassment       Other (specify):

1.2

❑ Dates and locations of alleged incidents:

5/10/04 – HSR lunchroom

❑ Have allegations been reported to anyone else? If so, when and how? What, if anything, has been done to remedy situation?

- 5/10/04 – Chambliss reported incident to union rep.

- Claims Dept. has received a ltr. from Chambliss' atty asking for damages for "injury"

## For DRO's Purposes Only

### Threshold Issues

Does the complaint allege that an action was taken for a prohibited reason?

 Yes                No

Is the Complainant eligible to file a complaint with DRO? Is the Complainant:

An employee                A former employee

An applicant

Is the complaint filed within 12 months of the date that the alleged discriminatory incident occurred?

 Yes                No

13

Amtrak/Chambliss862

Does the complaint allege an adverse employment action?

Non-selection                 Termination                 Demotion

Denial of Promotion           Denial of Training

Other (specify):

Does complaint require further handling by DRO?
  Yes              (No)  → he's represented by an attorney

Does complaint trigger consent decree provisions?  No.
  African American management employee/applicant for management position
  African American BMWE member (NEC)

Should complaint be referred to another Amtrak department?
  (Yes)                        No

If yes, what department?
        EEO

**Additional Notes**

Did Complainant submit any documentation?
  Yes                        (No)

If yes, please attach.

/4

Amtrak/Chambliss863

Has Complainant filed a previous complaint with DRO?

(Yes)                    No

If yes, state DRO case matter number.

2003-00291

Has Complainant filed an external complaint alleging similar issues?

(Yes)                    No

Name of Case Manager: glenda Atkinson
Date: 6|22|04

15

Amtrak/Chambliss864

6/14  TC w/ Dino Giurfa

- when Dino learned of incident between Chambliss + Snyder, he went to Vern Miller in Labor Relations
- Vern told Dino that the incident didn't meet the criteria for workplace violence because Snyder threw the book at Chambliss as a "joke"
- Vern recommended a written reprimand, but Dino wanted something harsher → 2 days on the street
- on 5/17, Snyder received a NOI
- on 5/19, he signed a waiver and was assessed a 2-day suspension
- according to Dino, NEC-MSC will designate the days Snyder takes, per operational requirements
- Snyder apologized to Chambliss; Dino has never had a problem w/ Snyder, but he has "poor judgment". Snyder is about to get a 5-day suspension for "blowing the line".
- Chambliss marked off sick after the incident w/ Snyder
- the company has received a letter from an attorney representing Chambliss, alleging that Chambliss was injured + asking for damages
- Chambliss did not report that he had been injured by Snyder; after the incident, he said he was OK
- after learning about the atty letter, Joe Allione asked Chambliss if he had been injured + he said "yes"
- Dino will charge Chambliss w/ late reporting of an injury.

18

Amtrak/Chambliss859

Amtrak/Chambliss849

## Atkinson, Glenda

**From:** Coleman, Lisa A.
**Sent:** Thursday, June 17, 2004 1:32 PM
**To:** Atkinson, Glenda
**Subject:** RE: Chambliss case

Yes, refer the case to Ted.

-----Original Message-----
**From:** Atkinson, Glenda
**Sent:** Thursday, June 17, 2004 1:04 PM
**To:** Coleman, Lisa A.
**Subject:** Chambliss case

**For Reader's Eyes Only — CONFIDENTIAL — Please Do Not Forward**

I spoke w/ Dino a few days ago and he told me that the Co. has received a letter from an attorney representing Chambliss.  Chambliss is the HSR employee who got hit in the face w/ a book during a safety mtg.  He is now claiming that he was injured as a result of the incident.  Since he has legal representation, can we transfer this case to the law dept. ?  The basis of his DRO complaint is that the incident was not treated seriously by Dino and that if the supervisor who threw the book had been African American, the situation would have been handled much differently.  Chambliss is African American.

Dino told me that he plans to charge Chambliss for late reporting of an injury.  Chambliss marked off sick-not injured - after the incident and no one knew about the "injury" until the Co. got a letter from his attorney.

**The information contained in this e-mail message is confidential and intended for your eyes only. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail, and delete the original message.**

6/22  TC w/ Dino
• in addition to being charged w/ late reporting of an injury
  Chambliss will also be charged w/ false reporting of an
  injury and "accident prone ness"
• Greg Temple  is handling Chambliss' injury claim

6/23  TC w/ Paris Davis - Reed
  • Chambliss' injury claim has been assigned to her
  • Chambliss is represented by an attorney

06/18/2004

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 120-2004-05310 |

| D.C. Office Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Mr. Jerry K. Chambliss | (410) 496-4202 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1 Trestlewood Court | Randallstown, MD 21133 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| AMTRAK | 500 or More | (202) 906-1536 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1401 W Street, N.E. | Washington, DC 20018 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.) | Earliest: 08-13-2004    Latest: 08-13-2004<br>☐ CONTINUING ACTION |

PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working as a coach cleaner for Amtrak in November 1989. I became a high speed rail pipefitter technician in January 2000.

Amtrak terminated my employment on August 13, 2004. The company has not terminated the employment of similarly situated white employees. I believe that Amtrak fired me because of my race (black) and that the company excessively disciplines black employees.

I believe that I have been discriminated against because of my race (black) and retaliated against because of my protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

*20*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Date: 6-15-05    Charging Party Signature: *Jerry K Chambliss* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Amtrak/Chambliss1184

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

23

| | |
|---|---|
| To: Mr. Jerry K. Chambliss<br>1 Trestlewood Court<br>Randallstown, MD 21133 | From: **Washington Field Office**<br>**1801 L Street, N.W.**<br>**Suite 100**<br>**Washington, DC 20507** |

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **120-2004-05310** | **Janet Stump,**<br>**Acting Enforcement Supervisor** | **(202) 419-0700** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana Hutter* (signature)

**SEP 30 2005**

Enclosure(s)

**Dana Hutter,**
**Director**

(Date Mailed)

cc: **Mr. Andrew McCallum**
**EEO Manager**
**AMTRAK**
**30th Street Station**
**Philadelphia, PA 19104**

21

Amtrak/Chambliss567

**NATIONAL RAILROAD PASSENGER CORPORATION**
60 Massachusetts Avenue NE, #2E-127, Washington DC  20002
tel 202 906.3235  fax 202 906.2261
ATS 777-3235

# Memo



| | | | |
|---|---|---|---|
| **Date** | June 22, 2004 | **From** | Glenda Atkinson, Intake Coordinator |
| **To** | Ted Campbell | **Department** | Business Diversity, DRO |
| | | **Subject** | referral of employee complaint |
| | | **cc** | Dawn Marcelle, DRO |

### CONFIDENTIAL

**Message**    On June 9, 2004, Jerry Chambliss, a High Speed Rail Pipefitter, contacted the Dispute Resolution Office (DRO) of Amtrak's Business Diversity Department to report an incident that occurred on May 10, 2004. Mr. Chambliss (African American) alleged that ARASA Supervisor Steve Snyder (White) struck him in the face with a book after a Safety Meeting in the lunchroom of the High Speed Rail facility. He also claimed that Dino Giurfa, Assistant Superintendent, did not take the incident seriously and that Mr. Snyder was allowed to continue working that day. Mr. Chambliss told the DRO that Mr. Snyder had not been disciplined for his alleged misconduct. While he did not say that he believed the incident was racially motivated, Mr. Chambliss told the DRO that he believed if Mr. Snyder had been African American, he would have been taken out of service immediately and asked to leave the property. Mr. Chambliss also said that Mr. Snyder had had problems with African American employees in the past.

On June 14, 2004, Mr. Giurfa informed me that the company had been contacted by an attorney representing Mr. Chambliss. The DRO does not have a copy of the letter written by Mr. Chambliss' attorney; however, I confirmed with Paris Davis-Reed of the Claims Department that Mr. Chambliss does have an attorney and that he (Mr. Chambliss) is claiming he was injured in the incident with Mr. Snyder. Since Mr. Chambliss is represented by legal counsel, the DRO is forwarding this matter to you for further handling. I am enclosing a copy of the DRO investigation file. I have informed Mr. Chambliss that his complaint has been referred to the EEO Compliance Unit in accordance with Amtrak policy.

If you have any questions, please feel free to contact me at ATS 777-3235.

*9*

Amtrak/Chambliss846



AMTRAK

June 22, 2004

Mr. Jerry K. Chambliss
1 Trestlewood Court
Randallstown, MD 21133

Dear Mr. Chambliss:

On June 9, 2004, you contacted the Dispute Resolution Office (DRO) of Amtrak's
Business Diversity Department to report an incident that occurred on May 10, 2004.
Specifically, you alleged that ARASA Supervisor Steve Snyder struck you in the face
with a book after a Safety Meeting in the lunchroom of the High Speed Rail facility. You
also claimed that Dino Giurfa, Assistant Superintendent, did not take the incident
seriously and that Mr. Snyder has not been disciplined for his alleged misconduct.

On June 14, 2004, the DRO learned that you are represented by an attorney. It is
company policy that internal complaints are transferred to Amtrak's EEO Compliance
Unit for investigation when the complainant is represented by an attorney. Accordingly,
I am transferring your complaint to the EEO Compliance Unit, which will now have
responsibility for looking into the allegations raised in your complaint.

You may be aware that there are various federal, state, and local laws that prohibit
discrimination in the workplace. If you believe that you have been discriminated against,
harassed, or retaliated against in the workplace because of your protected group status
(race, color, national origin, sex, age, religion, disability, veteran status, sexual
orientation, etc.), you have the right to file a complaint with the federal Equal
Employment Opportunity Commission (EEOC) and/or a state or local fair employment
practices agency even though you filed a complaint with Amtrak's DRO. If you are
interested in filing a discrimination complaint with the EEOC (and/or other agency), you
must do so within certain time limits. Generally, a complaint must be filed with the
EEOC within 180 days of the date of the alleged discriminatory conduct. However, in
states where there are state/local agencies with authority to deal with discrimination
complaints, you have 300 days from the date of the alleged discriminatory conduct in
which to file a complaint. These time limits must be met regardless of the fact that you
filed an internal complaint with the DRO. If you are interested in filing such a complaint,
you should consult your local telephone directory and contact the nearest EEOC Office
for more details.

Mr. Jerry K. Chambliss
June 22, 2004
Page 2



If you have any questions about your complaint, either you or your attorney may contact
Ted Campbell, Senior Manager, EEO Compliance Unit. Mr. Campbell can be reached at
202-906-3835.

Thank you for using Amtrak's internal complaint process.

Sincerely,

Glenda C. Atkinson
*Case Intake Coordinator*, Dispute Resolution Office

cc:    Ted Campbell, EEO Compliance Unit

/9

EOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| AMTRAK<br>1401 W Street, N.E.<br>Washington, DC 20018    2005 FEB -7 AM 5: 41 | **Jerry K. Chambliss** |
| | THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**120-2004-05310** |

## NOTICE OF CHARGE OF DISCRIMINATION
### *(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act                    [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by  **28-JUL-05**  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by   **08-JUL-05**
to   **John Woods, ADR Coordinator, at (202) 419-0727**
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Stanika K. Smith,**<br>**Investigator Support Asst**<br>*EEOC Representative*<br>*Telephone:*  **(202) 419-0743** | **Washington Field Office**<br>**1801 L Street, N.W.**<br>**Suite 100**<br>**Washington, DC 20507** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN **RECEIVED**  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**Amtrak**

## See enclosed copy of charge of discrimination.

JUL 1 3 2005
2005 - 00465

ALICIA M. SERFATY
GENERAL COUNSEL AND
CORPORATE SECRETARY

Amtrak/Chambliss819

22

| Date<br><br>Jun 28, 2005 | Name / Title of Authorized Official<br><br>**Dana Hutter,**<br>**Acting Director** | Signature<br><br>*Dana R Hutter* |
|---|---|---|

## NOTE TO FILE 6/12/03:

Yolanda from Diversity phoned to say that Jerry Chambliss contacted their office claiming discrimination concerning his application for FMLA. Barbara Hancock explained that was incorrect and that she stands behind her decision.

23

Amtrak/Chambliss1500

## NOTE TO FILE 6/12/03:

Yolanda from Diversity phoned to say that Jerry Chambliss contacted their office
claiming discrimination concerning his application for FMLA. Barbara Hancock
explained that was incorrect and that she stands behind her decision.

23

Amtrak/Chambliss1500

06/09 '03 10:43 NO.232  03/04



Jerry K. Chambliss
1 Trestle Wood Ct.
Randallstown MD 21133

National Railroad Passenger Corporation
Business Diversity Department
Dispute Resolution Office
60 Massachusetts Ave, NE
Washington DC 2002

Dear Sir or Madam:

I am writing this letter to detail the events that support my case of discriminatory harassment against the Amtrak and NEC management staff at the High Speed Rail Facility.

On February 7, 2003 I became injured after taking a fall in my driveway on a patch of ice. I was diagnosed with a sprained ankle and used my vacation time to recuperate from my injury to avoid discipline under Amtrak's absenteeism policy. I was seen by my doctor on 2/13/03 during my vacation and was given a return to duty slip for 03/13/03. Although I was granted the vacation time, Jeff Mead and Frank Christello decided to suspend my vacation on 2/16/03 and 2/17/03 to disqualify me for my President's Day holiday pay. I returned to duty on 3/14/03 and discovered that I was still in pain and not fully recovered from my injury.

I informed Frank Christello and Mike McClean that I was not at 100% performance, my return to duty slip had expired and my doctor was out of the country, which prevented me from getting an extension. I was told that I may not be able to work at less than 100% and that I would be notified of a final decision. I continued to work as much as my injury would allow until a decision was made. However, I was never informed with a decision.

Once my doctor returned to the country I had an MRI on 4/2/03, I received the results on 4/17/03 which revealed a cyst in the ankle that would require surgery if it did not respond to cortisone therapy. I received the cortisone shot that day after leaving work early for this appointment. I reported to duty on 4/19/03 and was sent home by Mike McClean and Bill Vullo for not being at 100% performance. Subsequently, the 17 minutes I had reported to work were taken from me, which disqualified me for the Good Friday holiday pay.

On 4/28/03 I was called into Dino Giurfa's office to discuss my attendance. I was told that I would be given 3 days over my head, and that doctor's appointments and treatments were not excused absences. If I had a problem, I should have stayed home for the entire duration of my disability. I explained that I was required to report to duty on

3

Amtrak/Chambliss 1496

the days not covered by my doctor's note. I was threatened with suspension and extreme disciplinary action if I did not sign a waiver of my rights in this case.

During the course of this meeting I inquired on the proper procedure to be excused for pending doctor's appointments and possible surgery. I was told that permission could be granted. However, Bill Vullo told me that there was no such policy on permission. The NEC and Amtrak supervisors argued this point in my presence, but no resolution was reached. I returned to Mr. Giurfa at a later date to get an answer to this question and thought it prudent to bring union representation. It was then that Mr. Giurfa proceeded to verbally assault me. I informed Mr. Giurfa that his tone and manner was unprofessional and unacceptable. His reply was that I should file a grievance if I was unhappy.

At this point I am extremely concerned about my future at Amtrak based on the fact that my injury is not recovered and surgery may be inevitable. I feel that I have been harassed, treated rudely, unprofessionally and with extreme prejudice throughout this entire ordeal. I find this administration of Amtrak's absenteeism policy is unlawful in light of the FMLA act of 1993.

Thank You,

Jerry K. Chambliss

Jerry K. Chambliss

Cc:
U.S. Department of Labor
Guy M Alberini, LLP
Richard P. Branson
Betty Blair

4

Amtrak/Chambliss1497



# ROBERT M. GUYTON, JR.

10047 Irongate Way
Manassas, VA
20109
703-368-7301

July 15, 2001

To whom it may concern,

On July 12, 2001 at or about 10:03 p.m. during our nightly safety meeting , Mr. Jeff Nagy brought to the attention of the 10: 00 p.m.  night shift that Mr. Jerry Chambliss  had failed  to perform  his duties  as assigned  to him by missing  a broken toilet on the cafe car.  Mr. Green tried to tell Mr. Nagy  that car was assigned  to him and not Mr. Chambliss.  However, that was totally ignored.  During the meeting  Mr. Chambliss did not behave in a disruptive manner  at anytime,  and even asked Mr. Nagy  if  he  was finished before he  gave his side of the story.

I believe that Mr. Nagy acted unprofessional and treated Mr. Chambliss in a demeaning manner in front of the  entire shift.  It is clearly  understood that Mr. Nagy's job is to counsel and bring  to the attention of employees performance issues, however, to degrade one employee in front of his peers when not even warranted is totally  uncalled for and has a negative effect on morale  of other employees.   The shift has alot of  work to do and it is very important to point out negatives  as well as positives.  The delivery is very important and should really  be taken into account when in the end getting the job done in a efficient and professional manner is what counts.  Pitting employees against one another  or degrading  them does not encourage teamwork and without teamwork the shift will no operate to the full potential .

Thank you for you attention to this matter.

Sincerely,

Signature

*Robert M. Guyton, Jr* – R Guyton

*[signature]* – R. Lamb III

*[signature]* – CHARLES A WILLIAMS Sr.
SHOP STEWARD "IAM"

*[signature]* – CHARLES H. GREEN

*John Contee* – John Contee

*[signature]* – MARTIN A. Blakeney SR

*Willow L Conaway*

# 2. PORTIONS OF CHAMBLISS PERSONNEL FILE

24



## Thomas Bernarding

| | | |
|---|---|---|
| **From:** | Thomas Bernarding | **Sent:** Wed 6/30/2004 7:57 AM |
| **To:** | Jennifer Cabral | |
| **Cc:** | | |
| **Subject:** | RE: Jerry Chambliss | |
| **Attachments:** | | |

Yes I let him work 6am til 2pm. Sorry about this it was getting close to vacation for me and it just slipped though the cracks. I will make sure this does not happen again. Thanks Tom

---

**From:** Jennifer Cabral
**Sent:** Tue 6/29/2004 12:53 PM
**To:** Thomas Bernarding
**Cc:** Jeff Mead; Mike Wiggins; Frank Christello, Jr.
**Subject:** Jerry Chambliss

Did you allow Jerry Chambliss to change his schedule on Weds 6/16 to 6am-2pm? I have not received anything stating such so he was not paid for the full 8 hours. I'll need you to get back to me with whether or not he was approved to work a different shift. If and when you allow amtrak employees to change their work hours you have to let me know so I know to update their schedules in Kronos.

Thanks!
Jennifer

Amtrak/Chambliss551



 Jeff Cason
04/08/2004 11:58 PM

To:      Jennifer Cabral/NECMSC@NECMSC, Benita Hayes/NECMSC@NECMSC
cc:      Michael Wiggins/NECMSC@NECMSC, Jeffrey Mead/NECMSC@NECMSC, Frank Christelio.
         Jr./NECMSC@NECMSC, giurfad@amtrak.com

Subject:  Brentwood Ave. bridge

Because this bridge was closed without any notification we had some of our Amtrak employees come to work late. I had them all swipe in so I didn't have to fill out a bunch of miss swipes. Please adjust their time to reflect a 11:00pm start to of the all employees who were late. And I'm sure you'll have more this morning until the word is out.

---------------------- Forwarded by Jeff Cason/NECMSC on 04/08/2004 11:45 PM ----------------------------

 Jeff Cason
04/08/2004 10:16 PM

To:      WAS ALL
cc:

Subject:  Brentwood Ave. bridge

This bridge that most of us come over to get to work has been closed for at least 3 weeks till it is repaired.

Amtrak/Chambliss552

## Hancock, Barbara

**To:**    emekey@necmsc.com

**Subject:** Here's Mr. Alvarado's letter

Eileen, in response to your telephone message, I'm not sure how much FMLA Jerry Chambliss has used since his FMLA began in July 2002.  However, he has until July 2004 to exhaust his leave entitlement under the DC FMLA statutes, as outlined in my letter to him.  So, in order to determine when he exhausts his leave entitlement, you'll need to know how much he has used.  From what he tells me, he hasn't used much....whatever that means.  Call me when you get back to the office.

09/04/2003

Amtrak/Chambliss1506

3

**Allione, Joseph**

| | |
|---|---|
| **From:** | Mike Wiggins [mwiggins@necmsc.com] |
| **Sent:** | Wednesday, June 30, 2004 11:29 AM |
| **To:** | Joe Allione |
| **Cc:** | Frank Christello, Jr. |
| **Subject:** | Chambliss Statement |

 On approximatly June 7 Bill Vullo told me that Jerry Chambliss had asked him for 6/17 & 6/20 off without pay because he had no vacation or bank time. I asked Bill why he needed the the days off he informed me that Jerry's wife had to go out of town on business and he wanted to go with here.
  That same day Mr. Chambliss approached me with a time off slip with a hand drawn block with the word permission by it, and asked me to sign it. I told him to see his supervisor. He told me Mr. Vullo had told him he could not approve time off with out pay and that he would have to get approval from me. I asked jerry why he needed time off with out pay. His response to me was he had no vacation because Amtrak said he did not work enough days last year to earn any vacation. I then asked him why he needed the time off. He responded by saying "he needed the time off". I then asked him if it was a medical reason, he responded "yes he was under stress". I asked him what stress he responded in a joking manner "do you know how stressful it is not to have money coming in for almost a year". I then responded in a joking manner "why do you want unpaid days off if you are stressed about no money". I then told him if he had a legitimate reason for the time off I would consider it. He gave me no legitimate reaso so I denied the time off, stating if I did it for him I would have to do it for everybody. Mr. Chambliss came back later in the day and asked me to sign the denied sheet and state the reason why. Which I did stating that he had no vacation or bank time available.

Michael Wiggins

Amtrak/Chambliss1855

NATIONAL RAILROAD PASSENGER CORPORATION
1401 'W' Street, NE Washington DC 20018

**AMTRAK**

## NOTICE OF INTENT TO IMPOSE DISCIPLINE MEETING

01-Jul-04

HSR #    JC04.184.04

O.D.I. #

CHAMBLISS SR JERRY
1 TRESTLE WOOD COURT
RANDALLSTOWN        MD 21133

HIGH SPEED SMW  TECH
SMWIA

You are hereby instructed to appear for an Intent to Impose Discipline meeting as indicated below:

    Date: **Thursday, July 08, 2004**

    Time: **9:00 AM**

    Place:  Amtrak High Speed Rail Office
            2nd Floor
            1401 W Street, N.E.
            Washington, DC  20018

The purpose of this meeting is to develop the facts and determine your responsiblity, if any, in connection with the following charge(s) and specification(s):

**Charge:**  Violation of Amtrak's Standards of Ecellence. Specifically, the section(s) pertaining to "Truth and Honesty" and "Integrity", read in part: "We will always tell the truth."

**Specifications:**  While assigned as a pipefitter with High Speed Rail you allegedly claimed an injury sustained on May 10, 2004.  When asked by supervision and Amtrak Police Dept. you claimed no injury at the time of the alleged incident.

You may produce any witnesses you so desire and you may be accompanied by a representative as provided for in your current governing bargaining agreement without expense to the National Railroad Passenger Corporation.

All requests for postponement of this investigation must be handled through the Amtrak High Speed Rail Office at (202) 906-2845 or by mail at the above mentioned address.

Sincerely,

Joseph C. Allione, Jr.
Manager, HSR

cc:  Union Rep
     file

Received: _____        Date: 7/2/04

25

Amtrak/Chambliss1886

NATIONAL RAILROAD PASSENGER CORPORATION
1401 "W" Street, NE. Washington, DC 20018

NORTHEAST CORRIDOR

High Speed Rail Mechanical Operations

## POSTPONEMENT

**NOTICE OF INTENT TO IMPOSE DISCIPLINE MEETING**



HSR #    JC04.184.04

O.D.I. #

CHAMBLISS SR JERRY                  HIGH SPEED SMW  TECH
1 TRESTLE WOOD COURT                       SMWIA
RANDALLSTOWN     MD 21133

By mutual agreement between your organization and Amtrak, your Intent to Impose
Discipline meeting dated   **Thursday, July 08, 2004**   **9:00 AM**   has been postponed
to   **Tuesday, July 13, 2004**   **9:00 AM**   at the same location.

Joseph C. Allione, Jr.
Manager, High Speed Rail
202-906-2845

cc:  file
    Union Representative

2 6

Received: _____    Date: 7 /02/04

Amtrak/Chambliss1887

02/24/04

FROM:  Michael A. Mc Lean (Foreman II / Supvr. Tech)
   TO:  Whom It May Concern
 SUBJ:  Letter Of Recommendation

     Mr. Jerry Chambliss, Is a diverse and motivated individual with an innate ability to concentrate, focus, and anticipate potential obstacles at a high rate of efficiency. This allows him to attain a disciplined approach to the task at hand and perform under pressure and meet deadlines on a daily basis. Qualified as an Amtrak Pipe Fitter as well as a Commercial Heating and Air Conditioning Technician demonstrate his technical versatility and his thirst for increased responsibilities for enhanced technical skills. Mr. Chambliss' strong emphasis and knowledge of safety issues demonstrates his ability to effectively communicate openly and honestly with others. It also defines his ability to conform to rules and structure, ideal assets for a team player.
     The aforementioned attributes of Mr. Chambliss clearly demonstrate his ability to handle increased supervisory responsibilities and perform successfully in a fast paced environment. I am confident if given the opportunity to manage others Mr. Chambliss would perform in an exemplary manner. Therefore, I recommend he be considered, for selection as, a High Speed Rail Supervising Technician.

Michael A. Mc Lean (HSR Supvr. Tech.)

7

*NORTHEAST CORRIDOR*
*MAINTENANCE SERVICES COMPANY*

*Box 92500, Washington, DC 20090-2500 USA*
*e (202) 906-2800 • Fax (202) 906-2844*

May 03, 2002

Jerry,

I would like to **Thank You** for the time, and effort you put into
making the Safety Committee Cookout a success, your efforts are
**greatly appreciated**. A special gratitude goes out to you for
lending us your time, and energy to purchase the necessary items.
Keep up the good work, and stay safe.

Sincerely,

Jim Reinknecht
General Manager

27

Amtrak/Chambliss1272

**BOMBARDIER**    *Limited Liability Company Owned by Alstom Transportation Inc. and Bombardier Corporation*    **ALSTOM**

NATIONAL MEDIATION BOARD
PUBLIC LAW BOARD NO. 6315

| | |
|---|---|
| Parties to dispute:              )<br>                                          )<br>SHEET METAL WORKERS INTERNATIONAL   )<br>ASSOCIATION                       )<br>                                          )<br>            vs.                   )<br>                                          )<br>NATIONAL RAILROAD PASSENGER       )<br>CORPORATION                       )<br>                                          ) | **OPINION AND AWARD**<br><br>Case No. 7<br>Claimant Jerry Chambliss, Sr. |

## CLAIM OF EMPLOYEES:

1. "The National Railroad Passenger Corporation violated the Collective Bargaining Agreement when they improperly terminated Sheet Metal Worker Jerry Chambliss on August 12, 2004, as the result of an investigation that was held on July 29, 2004, at the Amtrak High Speed Rail Office, 2nd floor, 14301 W Street, N.E., Washington, DC 20018, on the following charges:

SPECIFICATION: Between May 1, 2004 and June 2, 2004 you allegedly had excessive absenteeism occurrences. This constitutes a violation of Amtrak's National Systems Attendance Policy.

Violation of Amtrak's Standards of Excellence. Specifically, the section(s) pertaining to "Safety" read in part: "Immediately report to your supervisor all injuries and illnesses that occur..."

SPECIFICATIOON: While assigned as a pipefitter with High Speed Rail on May 10, 2004, you allegedly sustained an injury. This injury was not reported in a timely manner.

Violation of Amtrak's Standards of Excellence. Specifically, the section(s) pertaining to "Truth and Honesty" and "Integrity" read in part: "We will always tell the truth."

SPECIFICATON: While assigned as a pipefitter with High Speed rail you allegedly claimed an injury sustained on May 10, 2004. When asked by supervision and Amtrak Police Department you claimed no injury at the time the alleged incident.



Amtrak/Chambliss1

9

OPINION AND AWARD -                    Case No. 7 Public Law Board No. 6315

those rules, all questions and concerns of both parties may have been able to be addressed. Thus his absence commencing May 11 was unauthorized. Swirling around that judgment, however, is the Board's serious concern as to whether Carrier has established a case for its principal charge: intent to defraud.

The time Claimant missed on this occasion was a violation of Carrier's National System Attendance Policy. Standing alone, however, attendance issues would not in our judgment warrant dismissal. Termination thus rests chiefly upon the charge of falsifying an injury. Notwithstanding the suspicious circumstantial evidence, in our view that evidence is inconclusive. The record speaks to a situation in which the Claimant allowed himself to become emotionally distraught as he brooded over the pamphlet tossing incident, ultimately convincing himself that it was deliberate, that he had been struck a serious blow, and that he had been singled out for that mistreatment. It is, of course, a mark and measure of adulthood to modify the impulses that sometimes surge up, to exercise judgment, to organize behavior and decision-making and to learn and adhere to the rules of everyday life. In becoming emotionally flustered and retiring from his job obligations, Claimant simply failed to meet his employer's reasonable standards.

Not less than thirty (30) days from date this Award is executed by a majority of the Board Members, Claimant will be offered an opportunity to return to service in his former position without back pay or benefits. His period out of service is to be considered as a disciplinary suspension for his role in the matters described above.

## AWARD

The Claim is partially sustained in accordance with the Findings.

James E. Conway
Chairman & Neutral Member


Charles J. Fraley                              C. E. Woodcock
Employee Member                            Carrier Member

Dated: January, 20, 2006 .

4

29

Amtrak/Chambliss4

# Amtrak

## PERSONNEL ACTION REQUEST

| Conflict Of Interest? | Training Required? |
|---|---|
| Yes ☐ No ☐ | ☐ Yes ☐ No |

### Current Information *Must Be Completed*

| Payroll Area | Social Security Number | Personnel No. | LAST Name | FIRST Name | M.I. |
|---|---|---|---|---|---|
| 04 | 218 — 92 — 6021 | 9533 | Chambliss | Jerry | |

| Job Code | Position Title | Department | Personnel Area | Band/Zone | Cost Center | Emp. Sub Group |
|---|---|---|---|---|---|---|
| DA132 | Pipe Fitter | HSR | WAS | | 3119 | |

### Action Requested *Must Be Completed*

☐ New Hire ☐ Transfer between Management/Union ☐ Leave of Absence Paid (Management) ☐ Termination
☒ Rehire/Reinstatement ☐ Salary Change ☐ Leave of Absence Unpaid ☐ Retirement
☐ Transfer/Organization Change ☐ Leave of Absence Paid (Union) ☐ Return from Leave

### Action Reason Code

| Code | Reason | Effective Date |
|---|---|---|
| B2 | Return from Dismissal | Month 11 Day 20 Year 2005 |

### New Job Code and Salary Information

| Job Code | Position Title | HOS ☐ Yes ☐ No | CDL ☐ Yes ☐ No | Position No. | Personnel Subarea | Band/Zone |
|---|---|---|---|---|---|---|

| Hire Date | Current Salary/Rate Of Pay | New Salary/Rate Of Pay | Work Hours (Part Time) |
|---|---|---|---|
| Month Day Year | $ | $ | |

### Job Assignment

| Cost Center | Function | Work Order No. | FIS Location | Payroll Area | Shift | Work Schedule | Gang | Site Code | Check Seq. |
|---|---|---|---|---|---|---|---|---|---|
| 3119 | 1852 | | | 04 | 3 | 57 | WAS | 075017 | WTM77 |

| Work Phone No. | ATS No. | Original RR Hire Date | Prior RR Code | Personnel Area | Department |
|---|---|---|---|---|---|
| | | Month Day Year | | | |

| Emp Sub Group | Vacation Eligibility Date | Craft Seniority Date | ARSA Hire Date |
|---|---|---|---|
| | Month Day Year | Month Day Year | Month Day Year |

### Performance Evaluation Information *For Management Transfers Only*

| Last Performance Review Date: | Next Performance Review Date: |
|---|---|
| Month Day Year | Month Day Year |

### Termination Information/Allowances *Must Complete For All Termination Actions*

Allowances
Vacation Hours Due — Eligible For Rehire? ☐ Yes ☐ No (Explain In Remarks)
Sick Hours Due — Outstanding Advance? ☐ Yes ☐ No (Explain 'Yes' Answer In Remarks)
Severance Pay Due — All Properties Collected? ☐ Yes ☐ No (Explain In Remarks)
Notice Pay Due — Fill Vacant Position? ☐ Yes ☐ No

**For Human Resources Only**
Short-Term Disability Benefits
First _____ days at 100% pay
_____ Days at 100% pay less RUIA _____ Days at 80% pay less RUIA
RUIA Benefits at $ _____ per day

Relocations
Approved for Benefits ☐ Yes ☐ No
Level of Benefits: ☐ Tier I ☐ Tier II ☐ Tier III

### Remarks

### Approval Signatures

| Supervisor's Name Jennifer Cabral | Phone No. 202-906-2800 Date: 11/21/2005 | Human Resources Approval Ψ Date: |
|---|---|---|
| Signature Ψ | | |
| Department Approval Ψ | Date: | Entered By Ψ Date: |

Instructions: Complete form, print and secure department approvals. Retain signed copy for department records and forward original to Human Resources.
2000 (02/01) Word Template

30

NATIONAL RAILROAD PASSENGER CORPORATION
1401 "W" Street, NE, Washington, DC 20018

## NORTHEAST CORRIDOR
### High Speed Rail Mechanical Operations



July 15, 2005                               FedEx No.: 7905 7854 6449

Mr. Jerry Chambliss
1 Trestle Wood Court
Randallstown, MD  21133                 Subject: Return to Work

Dear Mr. Chambliss:

I have been informed by Amtrak Labor Relations that the Arbitrator considering your case has decided to return you to work with no back pay.

You are, therefore, directed to report to the Concentra Medical Center, 4451-G Parliament Avenue, Lanham, MD  20706 (301) 459-9113 on or before Friday, July 22, 2005 to submit to a return to service physical examination and company drug screen. An authorization for Examination or Treatment is enclosed to submit to Concentra.  This medical facility takes walk in appointments so a scheduled appointment is not required.

Once it is determined that you successfully passed these examinations, you will be instructed to return to active service with Amtrak.

If you have any questions related to this matter, I may be contacted by cell phone at 410-458-1930.

Sincerely,

Dino Giurfa
Assistant Superintendent
High Speed Rail Mechanical Operations

Copy: Labor Relations, NeC-MSC, Medical Services

3|

Amtrak/Chambliss1181



You are here: >Employees > Business Diversity > Diversity Policies > Anti-discrimination and Anti-harassment Policy

Anti-discrimination &
Anti-harassment Policy

Contracting Opportunities for
Minority M/WBEs

Religious Accommodations

# Anti-discrimination and Anti-harassment Policy

*Updated April 29, 2004 5.2.0*

## 1.0 RESPONSIBILITY

Vice President of Business Diversity and Strategic Initiatives

## 2.0 PURPOSE

This policy defines Amtrak's prohibition against discrimination, harassment and retaliation and describes the procedures to be followed for lodging and addressing internal complaints of discrimination, harassment or retaliation.

## 3.0 POLICY

Amtrak strictly prohibits discrimination and harassment based on a covered individual's race/color, sex (including gender), religion, national origin/ethnicity, age, disability, veteran status, sexual orientation or other personal characteristics protected by law. Amtrak also strictly prohibits retaliation. Violation of this policy constitutes an act of serious misconduct that can result in disciplinary action, up to and including termination. This policy applies to all applicants and employees (current and former), whether related to conduct involving fellow employees or a third-party (e.g., customers, outside vendors, persons doing business with Amtrak, and company visitors). Conduct prohibited by this policy is unacceptable in the workplace and in any work-related setting outside the workplace, such as during business trips, layovers, business meetings and business-related social events.

## 4.0 DEFINITIONS

### 4.1 Discrimination

Unfair treatment of or preference for an individual because of his/her personal characteristics protected by law. This may include, but is not limited to:

- Taking an adverse employment action such as firing someone, refusing to hire someone, or promoting someone less qualified because of race, age, disability, or other protected personal characteristic;
- Assigning individuals who work with clients or customers to certain departments, accounts or jobs because the client or customer demands or requests individuals of a certain race, religion, national origin, or other protected personal characteristic.

### 4.2 Harassment

Unwelcome conduct (including sexual misconduct), whether verbal, physical or visual, that is based on a person's personal characteristics protected by law. This may include, but is not limited to:

- Conduct (including sexual misconduct), whether verbal, physical or visual, that threatens, intimidates, offends, belittles, denigrates, or shows an aversion toward an individual or group because of a person's protected personal characteristics;
- Epithets, slurs, or negative stereotyping based on race, age, religion, or other protected

Amtrak/Chambliss1658

**AMTRAK**

## PERSONNEL ACTION REQUEST

| Conflict Of Interest? | Training Required? |
|---|---|
| Yes ☐ No ☒ | ☒ Yes ☐ No |

**Current Information - Must Be Completed**

| Payroll Area | Social Security Number | Personnel No. | LAST Name | FIRST Name | M.I. |
|---|---|---|---|---|---|
| 04 | 218 — 92 — 6021 | 9533 | Chambliss, Sr. | Jerry | |

| Job Code | Position Title | Department | Personnel Area | Band/Zone | Cost Center | Emp. Sub Group |
|---|---|---|---|---|---|---|
| DA132 | HIGH SPEED SMW TECH | Mechanical, HSR | EA03 | | 3119 | 1 |

**Action Requested - Must Be Completed**

| | | |
|---|---|---|
| ☐ New Hire | ☐ Transfer between Management/Union | ☐ Leave of Absence Paid (Management) |
| ☐ Rehire/Reinstatement | ☐ Salary Change | ☐ Leave of Absence Unpaid |
| ☐ Transfer/Organization Change | ☐ Leave of Absence Paid (Union) | ☐ Return from Leave |

☒ Termination
☐ Retirement

**Action Reason Code**

| Code | Reason | Effective Date |
|---|---|---|
| 99 | Dismissed Other | Month 8  Day 13  Year 2004 |

**New Job Code and Salary Information**

| Job Code | Position Title | CDL ☐ Yes ☐ No | Position No. | Personnel Subarea | Band/Zone |
|---|---|---|---|---|---|

| Hours of Service Job Category | ☐ Not Applicable (0)  ☐ Block Operator (4) | ☐ Engineer (1)  ☐ Signalman (5) | ☐ Trainmen (2)  ☐ Cab Signal/ATS Electrician (6) | ☐ Train Dispatchers/Director (3)  ☐ Locomotive Mover/Helper (7) |
|---|---|---|---|---|

| Hire Date | Current Salary/Rate Of Pay | New Salary/Rate Of Pay | Work Hours (Part Time) |
|---|---|---|---|
| Month    Day    Year | $ | $ | |

**Job Assignment**

| Cost Center | Function | Work Order No. | FIS Location | Payroll Area | Shift | Work Schedule | Gang | Site Code | Check Seq. |
|---|---|---|---|---|---|---|---|---|---|

| Work Phone No. | ATS No. | Original RR Hire Date | Prior RR Code | Personnel Area | Department |
|---|---|---|---|---|---|
| | | Month    Day    Year | | | |

| Emp Sub Group | Vacation Eligibility Date | Craft Seniority Date | ARSA Hire Date |
|---|---|---|---|
| | Month    Day    Year | Month    Day    Year | Month    Day    Year |

**Performance Evaluation Information - For Management Transactions Only**

| Last Performance Review Date: | Next Performance Review Date: |
|---|---|
| Month    Day    Year | Month    Day    Year |

**Termination Information/Allowances - Must Complete for All Termination Actions**

| Allowances | | | |
|---|---|---|---|
| Vacation Hours Due | **120hrs** | Eligible For Rehire? | ☐ Yes  ☒ No (Explain In Remarks) |
| Sick Hours Due | | Outstanding Advance? | ☐ Yes  ☒ No (Explain 'Yes' Answer In Remarks) |
| Severance Pay Due | | All Properties Collected? | ☐ Yes  ☒ No (Explain In Remarks) |
| Notice Pay Due | | Fill Vacant Position? | ☒ Yes  ☐ No |

**For Human Resources Only**

| Short-Term Disability Benefits | Relocations | |
|---|---|---|
| First _____ days at 100% pay | Approved for Benefits | ☐ Yes  ☐ No |
| _____ Days at 100% pay less RUIA  _____ Days at 80% pay less RUIA | Level of Benefits: | ☐ Tier I  ☐ Tier II  ☐ Tier III |
| RUIA Benefits at $ _____ per day | | |

**Remarks**

**Termination is a result of Disciplinary Action from Attendance, Late Report of Injury, and Falsification of an Injury.**

**Approval Signatures**

| Supervisor's Name<br>**J.C. ALLIONE, JR**<br>Signature | Phone No: 202-906-2845<br>Date 08/13/2004 | Human Resources Approval | Date: |
|---|---|---|---|
| Department Approval<br>**G.D. GIURFA** | Date<br>08/13/2004 | Entered By | Date: |

Instructions:  Complete form, print, and secure department approvals.   Retain signed copy for department records and forward original to Human Resources.

NRPC 2000 (10/02) Word Template
Amtrak is a registered service mark of the National Railroad Passenger Corporation.

33

Amtrak/Chambliss1814

14



## Kronos Missed Punch Form

Employee Name: _Jerry X Chambliss_

Craft/Shift: _Pipe fitter_

Date of Missed Punch: _N/A_

Scheduled Start/End Time: _7 AM to 3 PM_ AM/PM

Actual Start/End Time: _6 AM to 2 PM_ AM/PM

NeC Supervisor Approval Required:

Name: _[signature]_

Date: _6/16/04_

**Forward form to the NeC-MSC Kronos Timekeeper.**

36

Amtrak/Chambliss490

# EMPLOYEE PERSONAL STATEMENT
*(To be completed and signed by the injured person)*

| Last Name: **CHAMBLISS** | First Name: **JERRY** | MI: K | SSN: **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** |
|---|---|---|---|

Date of Accident: 5/10/04

Place of Accident:

High Speed Rail Lunch room

Amtrak may need to contact you within the next 5 days. Please provide a list of telephone numbers where you can be reached. Be sure to include the appropriate area code.

410 496-4202 Home
410 736-2799 Cell

How did the accident happen?

I was hit in the face with a safety Book

What caused the accident?

Sup. hit me with book

Describe the injury/illness:

Sore face

Were you provided first aid treatment at the place of the accident? ☐ Yes ☑ No

Were you taken to a medical facility for treatment? ☐ Yes ☑ No
If Yes, what facility were you taken to?

not at time of injury

Describe the treatment provided: PRESCRIPTION- FIORICET

5-11-04                    NOT FIT FOR FULL DUTY TIL MAY 17, 2004.

Dr. Jeffery D. Gaber                JGC

Witnesses:

| Name | Address | Telephone |
|---|---|---|
| Pam Bunch | | |
| Donia Washington | | |
| Stacey Deffenbaugh | | |
| Bill Vullo | | |
| | | |
| | | |

Signature of Injured Person: Jerry K Chamblii        Date: 6/14/04

NRPC 260 (11/01) Word Template Page 2

This is the date I Filled out form.
Not the date of injury report.

# Northeast Corridor Maintenance Services Company

## Overtime Authorization Form

Employee Name: _Jerry K Chambliss_

Craft/Shift: _Elec Sh/Hr    9.3_

Requisition to work _8_ hours of overtime on

_6-12-04_ , starting at _7:00_ and ending at _11:00_
Date(s)                    time                    time

Trainset or equipment number: _____

Reason for overtime: _Keep Kron aet_

_____

_____

NeC Supervisor Approval Required:

Name: _Marvin Brown_

Signature: _Ml Brown_

Date: _6-12-04_

## Request to Bank Overtime
### (to be completed by Amtrak Employee)

I am requesting that the overtime I worked on _6-12-04_ be
banked. I understand that the straight-time portion of overtime pay will
be paid and the half-time portion of the overtime pay will be accrued in
the compensatory time bank. Bank time can then be used according to
the guidelines in the union contracts.

Overtime hours worked: _8_

_Jerry K Chambliss_
Employee Signature

_6/12/04_
Date

**Forward completed form to NeC-MSC Kronos Timekeeper.**

TO BE COMPLETED BY TIMEKEEPER:

Total number of hours to bank: _4_

Amtrak/Chambliss558



5/10/04

Statement:
From: B. Vullo
To: C. Bello

This morning at the morning safety meeting I sat at a table with Foreman Steve Snyder on one end and Mr. J. Chambliss on the other. The safety rule was read and all questions pertaining to the safety rule and concerns of the day were addressed. At the end of the meeting craftsmen were dismissed to begin the day. I stood and turned around and took one step towards the north end of the lunchroom and heard an odd sound. At that time Mr. Chambliss was sitting in his seat and the safety rulebook was up against his chin and chest area. I asked what happened and he said Mr. Snyder threw the book at him. I thought they were just messing around and left the room because 2158 was very late and needed to have the level 1 completed. The time was somewhere around 7:20am. Later on I heard that this was not horseplay and that Mr. Chambliss was reporting the incident. I did not hear any conversation from the two gentlemen or have any idea as to why this had happened.

B. Vullo
NecMsc

Amtrak/Chambliss559



# Amtrak High Speed Rail

## REQUEST FOR TIME OFF

This form **MUST** be submitted to a NEC-MSC Supervisor for approval.

Employee Name: _Jerry X Chambliss_    Employee #_____

Craft: _Pipefitter_    Shift: _7-3_

I would like to request the following days off:

_Thursday May 20th_

_____

Type of Time Off:    ☐ Personal Holiday (15)    ☐ Personal Leave (37)    ☐ Vacation Day (10)
(Amtrak Pay Code)    Requires 48 hrs. notice    Requires 48 hrs. notice    Requires 48 hrs. notice

_permission_    ☐ Bank Time(32)    ☐ Emergency Bank Day (32)
_off ✓_    Requires 48 hrs. notice    Limit of 2 per year

☐ Jury Duty (18)    ☐ Bereavement (17)

☐ Military Leave (19): From: ___ / ___ / ___ to ___ / ___ / ___

(If Jury Duty, please attach a copy of the court's notification.)
(If Bereavement, please attach verification of deceased's relationship.)
(If Military Leave, please attach a copy of the orders.)

_Jerry X Chambl._    _5 / 18 / 04_
Employee Signature    Date

FOR SUPERVISOR USE ONLY:

**Time-Off Request is**    ☑ **Approved**    ☐ **Denied**

Reason Denied: _____

_____

_____    _5 / 19 / 04_
NeC-MSC Supervisor    Date

Amtrak/Chambliss561

_1 9_



# Amtrak®

## INJURED EMPLOYEE'S TEN DAY REPORT

| Division MAD | Location Ivy City HSR |
|---|---|

| Name of Injured Employee Jerry Chambliss | Occupation HSR SMW Tech |
|---|---|

Place Where Accident Occurred
**Ivy City HSR**

| Date Injured 5 / 10 / 2004 | Time Injured 07:20 am | Employee's Status ☒ Regular ☐ Extra | Assigned Hours 7a-3p | Did Employee Complete Tour ☒ Yes ☐ No (Explain below) |
|---|---|---|---|---|

**IF TOUR NOT COMPLETED CHECK APPLICABLE BOX OR BOXES**

☐ Medical Attention  ☐ Accident Investigation  ☒ Could Have Worked
☐ Other (Explain)  ☐ D & A Testing  ☐ Could Not Have Worked

| Date | Period Following Injury | Hours Worked From | Hours Worked To | Details of Work Performed |
|---|---|---|---|---|
| 5 / 11 / 04 | 1st Day | | | OI |
| 5 / 12 / 04 | 2nd Day | | | OI |
| 5 / 13 / 04 | 3rd Day | | | OI |
| 5 / 14 / 04 | 4th Day | | | RD |
| 5 / 15 / 04 | 5th Day | | | RD |
| 5 / 16 / 04 | 6th Day | | | OI |
| 5 / 17 / 04 | 7th Day | | | WR |
| 5 / 18 / 04 | 8th Day | | | WR |
| 5 / 19 / 04 | 9th Day | | | WR |
| 5 / 20 / 04 | 10th Day | | | WR OI Doctors appt. / |

Note: Under column "Details of Work Performed" select the applicable entry for each day from the following list:

| WR | = | Worked Regular Duties | OI | = | Off Duty Due to Injury |
|---|---|---|---|---|---|
| WL | = | Worked Light/Restricted Duties (Explain Duties) | OO | = | Off Duty Due to unrelated Illness/Injury or Reason (Explain) |
| RD | = | Regular Rest Day | OC | = | On Call, Fit for Regular Duty |
| HD | = | Holiday | DA/W | = | Off Pending D&A Test Results – Could Have Worked |
| DA | = | Doctor's Appointment | DA/O | = | Off Pending D&A Test Results – Could Not Have Worked |
| SV | = | Scheduled Day of Vacation | | | |

| *Signature of Supervisor | Signature of Injured Employee Jerry Chambliss |
|---|---|
| Title | Occupation |

*My signature certifies that this report is correct to the best of my knowledge.
NRPC 2265 (07/91) Word Template

Amtrak/Chambliss554



# AMTRAK NORTHEAST CORRIDOR
## High Speed Rail
### *Interoffice Memo*

Date:  July 13, 2001

To:    **Myself**

From: **Myself**

Subject: J. Chambliss and R. Guyton complaints against J. Nagy

I talked with Guyton and Chambliss about the following complaints against Nagy. First Guyton concern that Nagy mentioned to coworkers his opinion of the validity of Guyton's illness a couple weeks ago. Nagy denied such remarks, but was cautioned anyway of such comments. I leave this as a case of one word vs. another, case closed unless future incident occurs. Guyton' second concern of peer pressure comments by Nagy I handled and explained in context was not a problem in my opinion.

Chambliss concern was that Nagy inappropriately verbally reprimanded him for a non serious incident the previous night in front of the entire shift during the safety meeting. I agreed with Chambliss' opinion of lack of professionalism on Nagy's part and I assured him I would do what I can to make sure that never happened again. I talked with Nagy and he agreed he did not handle that the way he is expected to as a supervisor. Hopefully this is a dead issue and will not have to be addressed again.

Mr. Guyton and Mr. Chambliss requested our meeting be documented in writing, here it is and they will both sign it as seeing it and will be held in my personal file in case of future incidents of the same nature.

21

28①

7/12/2001

To whom it may concern,

   On this night during our nightly safety briefing Mr.Nagy brought it to the attention of
the whole shift that Mr. Chambliss did not perform duties assigned him. It turned out that
the duties were that of Mr. Green who in turn took care of the problem. During the
briefing Mr. Chambliss did not disrupt the meeting and even asked if Mr. Nagy was
finished before he told his side of the story.
   I believe Mr. Nagy should have waited until the meeting was over and talked with Mr.
Chambliss in private before letting misinformation to be aired in a public forum.

                                        William C. Vullo
                                        Wm. Vullo
                                        S&I Supervisor