IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY K. CHAMBLISS                     )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )    Civil Action No. 1:05CV02490-CKK
                                       )
NATIONAL RAILROAD PASSENGER            )
CORPORATION, et al.                    )
                                       )
        Defendants.                    )
                                       )

**REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

John G. Kruchko
Keith Fischler
D.C. Bar No. 377601
KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

Counsel for Defendants
National Railroad Passenger
Corporation and Steven Snyder

October 9, 2006

# TABLE OF CONTENTS

Table of Authorities ................................................... iii-iv

I.    THE COURT SHOULD NOT CONSIDER
      PLAINTIFF'S OPPOSITION MEMORANDUM    ................    2

II.   PLAINTIFF CONCEDES THAT HIS
      TITLE VII CLAIMS SHOULD BE DISMISSED    ................    4

III.  PLAINTIFF'S CLAIMS UNDER SECTION
      1981 SHOULD BE DISMISSED    ...........................    4

      A.    There Are No Material Facts In Dispute
            Regarding Chambliss' Discrimination Claims    .........    5

            1.    Chambliss failed to state a
                  prima facie case of discrimination    ................    5

            2.    Chambliss has failed to dispute Amtrak's legitimate
                  business-related reasons for imposing discipline    7

                  a.    Chambliss admits that he failed to
                        report his injury in a timely manner    .........    7

                  b.    Chambliss admits that he failed to deal truthfully
                        with management regarding his injury    9

                  c.    Chambliss admits that his excessive
                        absences violated Amtrak policy    .........    12

      B.    There Are No Material Facts In Dispute
            Regarding Chambliss' Retaliation Claim    ................    14

            1.    Chambliss has failed to state
                  a prima facie case of retaliation    ....................    14

                  a.    Chambliss has provided no evidence that
                        he engaged in statutorily protected activity    14

                  b.    Chambliss has provided no
                        evidence of a causal connection    .........    15

            2.    Chambliss has failed to establish pretext    .........    16

IV.    DEFENDANTS' ARE ENTITLED TO SUMMARY
JUDGMENT ON PLAINTIFF'S TORT CLAIMS        . . . . . . . . .    17

    A.    Defendants Are Entitled To Summary
Judgment On The Assault And Battery Claim        . . . . . . . . .    17

    B.    Defendants Are Entitled To Summary Judgment On
The Interference With Economic Relationship Claim        19

        1.    Chambliss received all his contractual rights        19

        2.    Snyder was not involved in Chambliss' discipline        20

        3.    Chambliss is responsible for the discipline he received        21

    C.    Defendants Are Entitled To Summary Judgment On
The Intentional Infliction Of Emotional Distress Claim        22

CONCLUSION        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    23

TABLE OF AUTHORITIES

CASES

*Anderson v. Liberty Lobby, Inc. 477 U.S. 242 (1986)                8,15

  Broderick v. Donaldson, 437 F.3d 1226 (D.C. 2006)                 17

  Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999)                     16

  Burlington Northern & Santa Fe Rwy Co. v. White, 126 S. Ct. 2405 (2006)    14

  Bush v. Engleman, 266 F. Supp.2d 97 (D.D.C. 2003)                 16,17

  Byrnie v. Board of Educ., 243 F.3d 93 (2nd Cir. 2001)            13

  Carter v. George Washington University, 387 F.3d 872 (D.C. Cir. 2004)    13

*Celotex Corp. v. Catrett, 477 U.S. 317 (1986)                    8,15

*Commercial Drapery Contractors v. U.S., 133 F.3d 1 (D.C. Cir. 1998)    9,11-12

  Dickerson v. Sectek, Inc., 238 F. Supp.2d 66 (D.D.C. 2002)       15

  Eli Lily & Co. v. Gerenix Drug Sales, Inc, 460 F.2d 1096 (5th Cir. 1972)    4

  Fox v. Giacci, 424 F. Supp.2s 1 (D.D.C. 2006)                    16

  Freedman v. MCI Telecom Corp., 255 F.3d 840 (D.C. Cir. 2001)     8

*Gibson v. Office of the Architect of the Capitol, 2002 WL 32713321
  (D.D.C. Nov. 19, 2002)                                          2

*Holbrook v. Reno, 196 F.3d 255 (D.C. Cir. 1973)                  5

*Howard University v. Best, 484 A.2d 958 (D.C. 1984)             22

*Hunter v. District of Columbia, 943 F.2d 69 (D.C. Cir. 1991)    22

  Laningham v. U.S. Navy, 813 F.2d 1236 (D.C. Cir. 1987)          8

  Mack v. Strauss, 134 F. Supp.2d 103 (D.D.C. 2001)              6

*Mbulu v. Bureau of National Affair, Inc., 2006 U.S. Dist. LEXIS 7364
  (D.D.C. 2006)                                                   5

*McDonnell 'Douglas Corp. v. Green, 411 U.S. 792 (1973)    5

*Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507 (D.C. Cir. 1997)    6

Oncale v. Sundowner Ofshore Serv., Inc., 523 U.S. 75 (1997)    13

Oshiver v. Norton, 2005 U.S. Dist. LEXIS 36266 (D.D.C. 2005)    14

Phillips v. Holladay Prop. Servs, Inc., 937 F. Supp. 32 (D.D.C. 1996), aff'd,
Phillips v. Holladay Corp., 1997 U.S. App. LEXIS 19033 (D.C. Cir. 1997)    5-6

*Pyramid Secs. Ltd. 1B Resolution, Inc., 924 F.2d 1114 (D.C. Cir. 1991)    8,11,21

*Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)    9,13

*Robertson v. Am. Airlines, 239 F. Supp.2d 5 (D.D.C. 2002)    2

SEC v. Banner Fund Int'l, 211 F.3d 602 (D.C. Cir. 2000)    4

Shewmaker v. Minchew, 504 F. Supp. 156 (D.D.C. 1980), aff'd, 666 F.2d 616
(D.C. Cir. 1981)    22

*Thompson v. Islam, 2005 U.S. Dist. LEXIS, 37114 (D.D.C. 2005)    8

*Thompson v. Jasas Corp., 212 F. Supp.2d 21 (D.D.C. 2002)    22

United States v. Microsoft Corp., 346 253 F.3d 34 (D.C. Cir. 2001)    4

Williams v. Callighan, 938 F. Supp. 46 (D.D.C. 1996)    22


STATUTES AND OTHER AUTHORITY

*D.C. Statutes § 12-301(4)    17

*42 U.S.C. § 1981    18

*Fed. R. Civ. P. 56(e)    8

* denotes cases and authorities chiefly relied upon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY K. CHAMBLISS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV02490-CKK |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S
### OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Jerry K. Chambliss has now filed seven different briefs and attachments in opposition to defendants National Railroad Passenger Corporation ("Amtrak") and Steven Snyder's motion for summary judgment. He remains unable to identify a genuine issue of disputed fact that should be decided at trial. In apparent recognition of the substantial defects in his case, Chambliss now seeks to change his claims by ignoring the allegations in his Complaint, raising new unsupported arguments, and contradicting his sworn deposition testimony.

As shown below, there are no genuine issues of material fact in this case and, as a matter of law, defendants are entitled to judgment. Chambliss' efforts to preserve his claims fail first because, in violation of the Court's August 24, 2006 Order, he has not filed a clear, concise Rule 56.1 statement. Second, to the extent the Court considers the merits of Chambliss' case, each of his five counts is ripe for summary judgment. Plaintiff has failed to state a prima facie case of either discrimination or retaliation. In addition, defendants have put forth three legitimate, non-discriminatory reasons

explaining why Amtrak disciplined Chambliss. Chambliss has failed to identify any admissible evidence that would establish that these stated reasons were actually pretext for discrimination. Finally, Chambliss has failed to rebut defendants' arguments establishing that his tort claims fail to state viable causes of action. For these reasons, the Court should issue summary judgment in defendants' favor and plaintiff's claims with prejudice.

I.      THE COURT SHOULD NOT CONSIDER
        PLAINTIFF'S OPPOSITION MEMORANDUM

Despite the Court's explicit instructions in its Order, dated August 24, 2006, Chambliss has failed to file a proper Local Rule LCvr R 56.1 Statement. The statement that plaintiff filed, Plaintiff's Statement of Genuine Issues Necessary to be Litigated, is defective and in violation of the Court's August 24th Order for three reasons.

First, Plaintiff's Statement does not include short, concise statements of fact responding to the assertions contained in defendants' Statement of Material Facts Not in Dispute. Instead, plaintiff has provided lengthy paragraphs, followed by bullet points. These paragraphs improperly include both factual and legal arguments. The Court's August 24, 2006 Order specifically warned against these defects. Order at 3 (*citing Robertson v. Am. Airlines,* 239 F. Supp. 2d 5 (D.D.C. 2002); *Gibson v. Office of the Architect of the Capitol,* 2002 WL 32713321 (D.D.C. Nov. 19, 2002).

Second, Plaintiff's Statement does not include specific clear cites to the record. Instead, at the end of each rambling paragraph, Chambliss has included a long string citation. It is impossible to determine which citation supports which factual and/or legal assertion. As a result, defendants cannot adequately determine which, if any, of the

assertions in Plaintiff's Response to Defendant's [sic] Motion for Summary Judgment and Memorandum In Opposition Thereof ("Plaintiff's Opp.") are supported.

Finally, contrary to the Rule and to the explicit language in the Court's Scheduling and Procedures Order, dated June 5, 2006, plaintiff has failed to respond to each paragraph in the defendants' Statement of Material Facts Not in Dispute. The Scheduling and Procedures Order requires:

> A party responding to a statement of material facts must respond *to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied.* The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of the responsive statement of facts. *At all points, parties must furnish precise citations to the portions of the record on which they rely.*

Scheduling and Procedures Order, at 1-2 (emphasis added). Although Defendants' Statement of Material Facts Not in Dispute includes 33 numbered paragraphs, plaintiff's statement lists only 18 numbered paragraphs. It is virtually impossible to determine the relationship, if any, between plaintiff's assertions and the paragraphs in Defendants' Statement of Material Facts Not in Dispute.

Chambliss has been given repeated chances to file a proper opposition to Defendants' Motion for Summary Judgment. Nevertheless, he continues to violate the Court's Orders.

Defendants have been prejudiced by these repeated violations of the Court's Orders. Defendants have been required to file four motions and reply memoranda, including this memorandum, in response to plaintiff's confused and improper filings. Further, defendants' task in responding to plaintiffs' filings has been significantly

complicated by Chambliss' inappropriate arguments, late filings, and failure to include intelligible citations to the record.

The Court issued very clear instructions in its August 24th Order.  "If Plaintiff does not file his new pleadings in a timely manner and in compliance with Local Civil Rule 56.1, his Opposition will be stricken and declared conceded without further notice." Order at 4.  The Court has substantial power to control its docket and should impose this sanction.  *United States v. Microsoft Corp.,* 346 U. S. App. D.C. 220, 253 F.3d 34, 100 (D.C. Cir. 2001) ("An appellate court will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business . . . except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.") (*quoting Eli Lily & Co. v. Generix Drug Sales, Inc.,* 460 F.2d 1096, 1105 (5th Cir. 1972); *see also SEC v. Banner Fund Int'l.,* 211 F.3d 602, 616 (D.C. Cir. 2000).  Where, as here, plaintiff has repeatedly disobeyed the Local Court Rules and the Court's explicit rulings, the Court should strike plaintiff's opposition, declare the defendants' Motion conceded, and grant summary judgment for defendants.

II.    PLAINTIFF CONCEDES THAT HIS
       TITLE VII CLAIMS SHOULD BE DISMISSED

Even if the Court were to consider plaintiff's arguments, his Title VII claims cannot survive.  Chambliss expressly acknowledges that his Title VII claims are time-barred.  Plaintiff's Opp. at 5 ("Plaintiff concedes that he did not timely file his charge of discrimination with EEOC, and, title VII is thus not applicable").

III.    PLAINTIFF'S CLAIMS UNDER SECTION 1981 SHOULD BE DISMISSED

Similarly, even if the Court considers his memorandum in opposition, Chambliss cannot save his section 1981 claims of discrimination and retaliation.  His claims fail

because Chambliss cannot establish a prima facie case of discrimination or retaliation, and cannot rebut the legitimate, non-discriminatory reasons Amtrak has advanced for imposing discipline. Chambliss' attempts to create confusion by accusing defendant Snyder of racism fail to raise a genuine issue as to any material fact.

    A.    There Are No Material Facts In Dispute
        <u>Regarding Chambliss' Discrimination Claims</u>

        1.    <u>Chambliss failed to state a prima facie case of discrimination</u>

To state a prima facie case of discrimination, a plaintiff must establish that he is in a protected class, that he suffered an adverse employment action, that he is qualified to perform his job, and that other similarly situated employees were treated differently. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999). Chambliss' efforts fail because he has not and cannot identify any similarly situated employee who was treated differently.

Chambliss seeks to evade this requirement by making racist claims about defendant Snyder. Regardless of the accuracy of these claims, which cannot be disputed for purposes of summary judgment, they are not material. As a matter of law, Snyder and Chambliss were not similarly situated. *See Mbulu v. Bureau of National Affairs, Inc.,* 2006 U.S. Dist. LEXIS 7364, *24 (D.D.C. 2006) ("to be similarly situated, plaintiff must establish that his employment situation was similar in all relevant regards to those with whom he seeks comparison;" "[i]n particular, the co-workers 'must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it'") (*quoting Phillips v. Holladay Prop. Servs., Inc.,* 937 F. Supp. 32, 37 (D.D.C. 1996), *aff'd Phillips v. Holladay Corp.,*

- 5 -

1997 U.S. App. LEXIS 19033 (D.C. Cir. 1997)); *Neuren v. Adduci, Mastriani, Meeks & Schill,* 43 F.3d 1507, 1514 (D.C. Cir. 1995) (to show employees are similarly situated, plaintiff is "required to demonstrate that all the relevant aspects of her employment situation were 'nearly identical'") (citations omitted).

Chambliss has not raised a material issue of fact regarding this issue. As defendants established in their initial brief, Chambliss and Snyder are materially dissimilar for three reasons. First, Chambliss and Snyder did not work in the same job or for the same supervisor. In contrast, Snyder was Chambliss' supervisor during the time period at issue in this case. Statement of Material Facts Not in Dispute ("Statement") at ¶ 3 ("Defendant Steven Snyder supervised Chambliss during the time period relevant to this Complaint for at least one day a week"); *see Mack v. Strauss,* 134 F. Supp.2d 103, 114-15 (D.D.C. 2001) (supervisors and subordinates are not similarly situated).

Second, even under Chambliss' version of the facts, Snyder is accused of behavior that is unrelated to the misconduct for which Chambliss was sanctioned. Contrary to plaintiff's claims, Amtrak is not required to impose the same discipline for unrelated violations. *Neuren,* 43 F.3d at 1514 (employer can treat employees differently, when problems of one are "entirely different" from problems of the plaintiff).[1]

Finally, there is no evidence that Snyder and Chambliss have comparable disciplinary histories. Chambliss had a record of repeated violations of Amtrak's attendance policy and also committed other instances of misconduct. Statement at ¶ 2; *see* Statement at ¶ 18 (six occurrences of absence or tardiness within 90 days).

Chambliss has made no effort to rebut the legal arguments underlying this section

---

[1]    Chambliss acknowledges that Amtrak has disciplined Snyder. Plaintiff's Opp. at 10 (Snyder received a suspension and a demotion).

- 6 -

of defendants' motion or to contradict through any admissible evidence defendants' showing that Snyder and Chambliss were markedly dissimilar. In the absence of any relevant evidence, Chambliss' attempts to compare the way he and Snyder were allegedly treated are simply irrelevant. Amtrak can differentiate between employees in different classifications and employees who commit different violations of its policy. Summary judgment on Chambliss' count one claims is appropriate as he cannot maintain a prima facie case of discrimination.

> 2.    Chambliss has failed to dispute Amtrak's legitimate
>        business-related reasons for imposing discipline

Even if plaintiff were capable of stating a prima facie case, the Court should still grant summary judgment dismissing his discrimination claims. Chambliss cannot identify a material issue of fact regarding Amtrak's legitimate decision to discipline him in August 2004. The undisputed facts establish that this discipline was imposed for three business-related, non-discriminatory reasons.

> a.    Chambliss admits that he failed to
>        report his injury in a timely manner

The undisputed facts establish that Chambliss failed to comply with Amtrak's policy requiring employees to notify their supervisor of all injuries that occur on Company property. He concedes that he was aware of this policy requirement. Plaintiff's Opp. At 12; *see also* Statement at ¶ 20, Exhibit J (Exhibit II, Standards of Excellence at 2) ("[t]o comply with legal obligations, Amtrak must be informed of injuries to all people that occur on Amtrak property). Further, in his deposition, he conceded that he failed to satisfy this requirement. Statement at ¶ 13 ("Chambliss failed

to notify any company official of his claimed injury until he returned to work on May 17, 2004") (*citing* Deposition of Jerry Chambliss ("Chambliss Dep.") at 138-141).

In his opposition memorandum, Chambliss offers excuses and rationalizations for his knowing breach of Amtrak policy, but these arguments fails for two reasons.  First, Chambliss is bound by his sworn deposition testimony.  It is well-settled that a party cannot create a genuine issue of material fact by contradicting sworn testimony with his own self-serving affidavit.  *Pyramid Secs. Ltd. v. IB Resolution, Inc.,* 924 F.2d 1114, 1123 (D.C. Cir. 1991); *Thompson v. Islam,* 2005 U.S. Dist. LEXIS 37114, *8 (D.D.C. 2005).  In his deposition, he conceded that he delayed notifying his supervisors and his new assertions cannot overcome that admission.

> Q.     When did you tell your supervisor that you were injured?

> A.     The 17[th].

Chambliss Dep. at 141.

Second, Chambliss' new assertions are not properly supported.  To respond to a well-plead summary judgment motion:

> The non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. *Laningham v. US Navy,* 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc,.* 477 U.S. 242, 249-50 (1986).  To defeat summary judgment, a plaintiff must have more than "a scintilla of evidence to support [her] claims." *Freedman v. MCI Telecomm. Corp.,* 255 F.3d 840, 845 (D.C. Cir. 2001).

*Thompson,* 2005 U.S. Dist. LEXIS 37114 at *5.  Chambliss has failed to comply with this requirement.  He has provided no affidavit or other sworn statement to back up his

claims.  Further, to the extent he has cited any material in support of his claims, he relies

on inadmissible hearsay, which is legally insufficient to create a viable issue of material

fact.  *See Commercial Drapery Contractors, Inc. v. U.S.*, 133 F.3d 1, 7 (D.C. Cir. 1998)

(an affidavit "consisting entirely of inadmissible hearsay, is not sufficient to defeat

summary judgment").

Finally, even if the Court were to consider his new unsupported arguments, they

would not create a material issue of fact sufficient to require a trial.  Chambliss has

provided no evidence related to his burden of proof to show that Amtrak was motivated

race discrimination in imposing discipline.  *See Reeves v. Sanderson Plumbing Products,*

*Inc.*, 530 U.S. 133 (2000) (the plaintiff always bears the burden of proving intentional

discrimination).

Even if Chambliss' arguments are considered in the most favorable light, they do

not establish pretext.  In the absence of admissible evidence rebutting Amtrak's business-

related reasons for imposing discipline, summary judgment is appropriate.

        b.        Chambliss admits that he failed to deal
                   truthfully with management regarding his injury

Second, Chambliss concedes that he failed to deal truthfully with management

regarding the alleged injury he suffered as a result of the May 2004 incident with

defendant Snyder.  The contemporaneous documents establish that Chambliss told his

supervisors that he was *not* injured, and that he failed to remedy that misimpression in a

timely manner.  *See* Exhibit F to Statement at 1 (Chambliss' statement, dated June 10,

2004 at 12:45 p.m. fails to report an injury and reflects that he did not tell anyone he was

injured); Exhibit D to Statement (according to General Foreman C.M. Bello, "[d]uring

our meeting *Mr. Chambliss never made mention of any injury he received from the*

- 9 -

*incident and did not appear to be injured in any way*") (emphasis added); Exhibit E to Statement at 3 (Chambliss' report to the Amtrak police clearly notes "no injuries reported").

As shown in defendants' opening memorandum, Amtrak had a reasonable basis for distrusting Chambliss and the inconsistent explanations he provided regarding his prolonged absence. Further, the undisputed facts establish that Amtrak addressed Chambliss' conduct in accordance with its stated policy. Exhibit J to Statement (Exhibit II, Standards of Excellence at 6) ("*Because honesty is so important to trust and our ability to work together as a team, Amtrak has no tolerance for employees who are dishonest*") (emphasis in original).

Chambliss has failed to provide any evidence which would establish that this stated reason for Amtrak's decision to impose discipline was a pretext for discrimination. Significantly, he has provided no evidence indicating that this policy was applied inconsistently or that Amtrak engaged in unlawful discrimination. Thus, Chambliss has failed to meet his burden of proof.

Significantly, Chambliss has responded to defendants' Motion by changing his story. In his opposition memorandum, Chambliss asserts that he had no reason to provide his supervisors with accurate information of his medical state, because his "injuries began to manifest themselves on the date of the incident in full view of his co-workers." Plaintiff's Statement of Genuine Issue Necessary to be Litigation at 5 (paragraph 7).

This assertion directly contradicts the facts provided by Chambliss previously. He testified in his deposition that he was unaware of any injury to his nose and, for that reason, continued to work his full shift on the day of the incident with defendant Snyder.

- 10 -

He only learned of the injury to his nose the next morning when he washed his face and his nose felt sore. Chambliss Dep. at 97. Further, contemporaneous documents, including Chambliss' own statement and his Amtrak police report deny that he suffered any injury. *See* Exhibit D to Statement (Chambliss did not tell General Foreman C.M. Bello that he was injured and he did not appear to be injured in any way); Exhibit E to Statement at 3 (Chambliss did not report an injury to the Amtrak police); Exhibit F to Statement at 1 (Chambliss' own statement, dated June 10, 2004 at 12:45 p.m. does not report an injury and reflects that he did not tell anyone he was injured). Chambliss cannot create a material issue of fact, sufficient to avoid summary judgment, by contradicting his deposition testimony and the prior documentary record. *Pyramid Secs. Ltd. v. IB Resolution, Inc.,* 924 F.2d 1114, 1123 (D.C. Cir. 1991).

Chambliss also relies on medical reports from Dr. Gabor to establish his integrity. Plaintiff's Opp. at 7. These reports were never produced in discovery, however, and Dr. Gabor was not designated as an expert witness in compliance with the Court's Order, dated February 27, 2006 (proponent's Rule 26(a)(2) statement is due on April 28, 2006). For these reasons, plaintiff's purported medical evidence is inadmissible and plaintiff is barred from relying on the testimony of Dr. Gabor as an expert witness. Chambliss cannot cite this inadmissible evidence in response to defendants' summary judgment motion.[2]

---

[2]      Similarly, to the extent plaintiff also relies on the deposition testimony of his colleagues, such testimony also cannot be used to avoid summary judgment. His co-workers have no first-hand knowledge of management's views regarding the truthfulness of the information Chambliss provided about his injury. At best, these statements are inadmissible hearsay. These statements cannot be used either to establish pretext or to enable Chambliss to avoid summary judgment. *See Commercial Drapery Contractors,*

c.    Chambliss admits that his excessive
absences violated Amtrak policy

Chambliss also cannot raise a material issue of fact regarding his excessive

absences. The undisputed facts establish that he violated the Company's attendance

requirements and Amtrak imposed discipline in accordance with its stated policy. There

is no evidence of any discrimination or disparate treatment and no factual issue that could

be presented to a jury.

During his deposition, Chambliss admitted that he was absent or tardy six times

between May 3, 2004 and June 20, 2004, a period of less than fifty days. Statement at

¶ 18. In response to these excessive absences, Amtrak applied the provisions of its

National Systems Attendance Policy. *See* Exhibit J to Statement (Exhibit I, National

Systems Attendance Policy). Chambliss was treated in compliance with the terms of the

policy, and received progressive discipline, including successive warnings and

suspensions. Statement at ¶ 18.

In his opposition, Chambliss has produced no evidence to contradict these facts or

to show that any similarly situated person received more favorable treatment under the

National Systems Attendance Policy. In fact, in his deposition, he speculated about other

employees, but has produced no evidence whatsoever to support this conjecture.

Further, plaintiff's opposition memorandum does not contest these absences.

Instead, Chambliss only asserts that "[t]he dates listed by the Defendant, particularly May

11,-13, 2004 were due to the injuries Plaintiff sustained as a result of the acts of

---

*Inc.*, 133 F. 3d at 7 (an affidavit "consisting entirely of inadmissible hearsay, is not
sufficient to defeat summary judgment").

Defendant Snyder, . . ." Plaintiff's Opp. at 6.[3]  These absences were not excused as,

according to plaintiff's own deposition testimony, he did not report any injury until May

17, 2004.  Statement at ¶ 13.  Chambliss makes no effort to explain the remaining five

occurrences of absence or tardiness, for which he concedes he was properly cited.[4]

      Summary judgment is appropriate in favor of defendants dismissing Chambliss'

discrimination claims.  Chambliss cannot state a prima facie case of discrimination and

cannot rebut Amtrak's business-related reasons for imposing discipline.

---

[3]     In support of this claim, Plaintiff again cites evidence from Dr. Gabor.  As defendants have pointed out previously, plaintiff failed to designate an expert witness in compliance with the Court's April 28, 2006 deadline and, as a result, this evidence is inadmissible.

[4]     Chambliss' limited attempt to controvert his disciplinary history, which was established by Company records, fails to create a material issue of fact.  First, Chambliss' vague complaints that Amtrak was "unfair" in disciplining him, are legally irrelevant.  The Court will not act as a super-personnel office to review the fairness of an employer's decisions.  *Bynie v. Board of Educ.,* 243 F.3d 93, 103 (2d Cir. 2001) (it is not the Court's role to act as a "super-personnel department" that second guesses employers' business decisions); *see also Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 80 (1998) (Title VII does not establish a general civil code).  Courts will only scrutinize disciplinary decisions to ensure they are not motivated by unlawful discrimination, and plaintiff has not put forward any evidence to raise a material dispute on this issue.  He has failed to provide an affidavit or any other statement in support of his claims.  Instead, he appears to rely on hearsay statements of his colleagues, whose views of his work history cannot overcome management's documents personnel records.  Plaintiff also complains that he was penalized for an absence when a bridge was out.  He alleges that some supervisors excused other employees' absences for the same occurrence, particularly white employees.  However, Chambliss provides no admissible evidence in support of this assertion.  This unfounded claim also cannot be considered to create a genuine issue of material fact.  Hearsay evidence is inadmissible to avoid summary judgment and should not be considered by the Court.  *Carter v. George Washington University,* 387 F.3d 872, 880 (D.C. Cir. 2004) (court "cannot consider hearsay evidence presented by one party where, as here, the other party objected and moved to strike").

     Even if the Court were to consider Chambliss' inadmissible evidence, this claim cannot survive summary judgment.  He has provided no evidence whatsoever indicating that Amtrak was motivated by unlawful intent.  Chambliss has failed to meet his burden of proof.  *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133 (2000) (the plaintiff always bears the burden of proving intentional discrimination).

B.    There Are No Material Facts In Dispute
Regarding Chambliss' Retaliation Claim

Similarly, the Court should enter summary judgment on Chambliss' retaliation

claim under section 1981. Chambliss cannot establish a prima facie case of retaliation.

Further, Chambliss cannot rebut Amtrak's stated business-related, non-discriminatory

reasons for imposing discipline.

1.    Chambliss has failed to state a prima facie case of retaliation

To establish a prima facie case of retaliation, a plaintiff must show: (1) that he

engaged in statutorily protected activity; (2) that he suffered an adverse personnel action;

and (3) that there is a causal connection between the two. *Oshiver v. Norton,* 2005 U.S.

Dist. LEXIS 36266, *8 (D.D.C. 2005). Although Chambliss can show that he suffered an

adverse personnel action, *Burlington Northern & Santa Fe Rwy Co. v. White,* 126 S. Ct.

2405 (2006), he has failed to satisfy the two remaining prongs of the standard.

a.    Chambliss has provided no evidence that
he engaged in statutorily protected activity

The totality of Chambliss' effort to meet this requirement of his prima facie case

is the bald assertion that he engaged protected activity. Plaintiff's Opp. at 13-14. He

alleges that he wrote a letter addressing a February 7, 2003 incident and a memorandum

dated June 22, 2004 memorandum, but fails to explain either of these references or to

provide copies of the relevant documents. *Id.*[5]

---

[5]    As stated previously, plaintiff has not provided clear citations to his statements.
Instead, he makes a series of assertions followed by a string citation. It is extremely
difficult to determine which citations, if any, support plaintiff's claims. Based on
defendants' review of the record and the documents provided, however, it appears that
none of the citations provided either refer to the documents identified in plaintiff's brief
or support his claims in any way.

- 14 -

Chambliss' claim cannot survive summary judgment in the absence of any factual support. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324 (nonmoving party's opposition must consist of more than mere unsupported allegations or denials, and must be supported by affidavits or other competent evidence); *Liberty Lobby*, 477 U.S. at 252 ("mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff"); *Dickerson v. Sectek, Inc.*, 238 F. Supp. 2d 66, 72-73 (D.D.C. 2002) (nonmoving party must submit competent evidence "setting forth specific facts showing that there is a genuine issue for trial").

Plaintiff has not submitted an affidavit or any documentary support establishing his protected conduct. There is no evidence that the letters he cites were related in any way to conduct protected by section 1981. His bald statements are simply insufficient to meet his burden of proof. In absence of any admissible evidence that he engaged in protected activity, defendants are entitled to summary judgment dismissing plaintiff's retaliation claim.

<blockquote>
b.    Chambliss has provided no
      evidence of a causal connection
</blockquote>

Chambliss' retaliation claim fails for a second reason. He has not provided any evidence of a causal connection between his purported protected activity and his suspension. Chambliss provides no argument and no facts to support this required piece of his retaliation claim. His opposition memorandum simply glosses over this argument. Plaintiff's Opp. at 13-14.

Plaintiff cannot rely solely on the proximity in time between his (unsupported) allegations of protected activity and the adverse employment action. As this court held in

*Bush v. Engleman,* 266 F. Supp. 2d 97, 103 (D.D.C. 2003), "closeness in time does not invariably or necessarily support an inference of causation, particularly where the inference in undermined by the timing of other related events." As defendants' established in their initial brief, there were intervening events, solely in plaintiff's control, that caused the discipline that is the subject of this suit. Memorandum in Support of Defendants' Motion for Summary Judgment at 16; *see* Statement at ¶¶ 16-21.

Chambliss therefore cannot establish two of the required elements of his prima facie case. Summary judgment is mandated where the nonmoving party has failed to make a sufficient showing on an essential element of his case on which he bears the burden of proof, summary judgment is warranted. *Fox v. Giaccia,* 424 F. Supp.2d 1, 5 (D.D.C. 2006) (*quoting Celotex,* 477 U.S. at 323). For this reason as well, the Court should enter summary judgment in defendants' favor on his retaliation claims.

2.    Chambliss has failed to establish pretext

Even if plaintiff could establish his prima facie case, his retaliation claims would still be subject to summary dismissal. Chambliss cannot rebut Amtrak's legitimate, non-discriminatory reasons for imposing discipline. In the absence of any admissible evidence supporting pretext, the Court should grant defendants' summary judgment motion. *See Brown v. Brody,* 199 F.3d 446, 458 (D.C. Cir. 1999) (affirming summary judgment in employer's favor where plaintiff failed to show that the employer's explanations for its actions were a pretext for discrimination and retaliation).

As shown above, Amtrak has established that it imposed the discipline in question in this case because Chambliss (1) failed to report his injury promptly; (2) failed to deal honestly with management regarding his injury; and (3) exceeded the allowed absences

under the National System Attendance Plan.  Chambliss has failed to establish that these

stated grounds were a pretext for discrimination or even to raise a genuine question of

material fact regarding this issue.  Summary judgment, therefore, is appropriate.  *See*

*Broderick v. Donaldson,* 437 F.3d 1226, 1234 n.3 (D.C. Cir. 2006) (retaliation claim fails

when employer put forward a legitimate, non-discriminatory reason for the adverse action

and plaintiff "failed to present sufficient evidence on which a reasonable jury could

decide that this proffered justification was mere pretext"); *Engleman,* 266 F. Supp.2d at

103 ("plaintiff's retaliation claims cannot survive summary judgment where defendant

presents specific evidence of a legitimate, non-retaliatory reason for its action and

plaintiff is unable to demonstrate that the reason is a pretext").

IV.     DEFENDANTS' ARE ENTITLED TO SUMMARY
        JUDGMENT ON PLAINTIFF'S TORT CLAIMS

       Finally, Chambliss' tort claims are also subject to summary judgment.  His assault

and battery claims are time-barred.  His claims for intentional infliction of emotional

distress are time-barred and fail to state a viable cause of action.  His claim for

interference with economic relationship also fails to state a cause of action upon which

relief can be granted.  Plaintiff has offered no valid reason to save any of these claims.

     A.     Defendants Are Entitled To Summary
        Judgment On The Assault And Battery Claim

       Chambliss' assault and battery claim is time-barred.  Under D.C. law, a claim for

assault and battery must be brought within one year.  D.C. Statutes § 12-301 (4).  The

undisputed facts establish that Chambliss failed to meet this requirement.  Statement at

¶¶ 4, 33.

- 17 -

Chambliss seeks to avoid this blatant defect by again twisting the facts. He tries to persuade the Court that although he chose to title this claim "Count Three ASSAULT AND BATTERY," count three is not an assault and battery claim, but a claim under section 1981. He then argues that the more favorable three-year statute of limitations should apply. Plaintiff's Opp. at 14-16.

Chambliss' new spin ignores not only the title of the count but its specific allegations. Complaint at ¶ 25 (also numbered ¶ 3) ("[o]n May 10, 2004, Stephen [sic] Snyder, a white supervisor, physically *assaulted and battered* the plaintiff by hitting him in the face with a book") (emphasis added). Contrary to plaintiff's wishful thinking, the facts asserted in this count cannot properly be considered under section 1981, in part because there is no allegation that defendant Snyder interfered with his ability to make or enforce contracts. 42 U.S.C. § 1981 ("all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts").

If Chambliss truly desires to recharacterize count three as a section 1981 claim, it should be dismissed for failure to state a cause of action and because, as shown above, defendants are entitled to summary judgment on Chambliss' section 1981 claims. If, on the other hand, Chambliss wishes to pursue a claim for assault and battery, as the language of his complaint indicates, he is bound by the law governing such claims. District of Columbia law imposes a one-year statute of limitations on assault and battery claims and Chambliss' claims are, therefore, time barred.

- 18 -

B.    Defendants Are Entitled To Summary Judgment On
The Interference With Economic Relationship Claim

Chambliss' interference with economic relationship theory fails to state a claim upon which relief can be granted. Chambliss has failed to set out the standard for this tort or any basis for its application to the facts in this case.

Further, defendants have established three reasons why they are entitled to summary judgment on this claim. Chambliss has failed to rebut any of these arguments.

1.    Chambliss received all his contractual rights

First, Chambliss is employed by Amtrak pursuant to the terms of the collective bargaining agreement between Amtrak and the Sheet Metal Workers International Association. Chambliss Dep. at 191-92. Chambliss received all the rights he was entitled to under this contract, even pursuing reinstatement through arbitration. Statement at ¶¶ 23-24. Chambliss has not and, in fact, cannot, identify any rights or privileges he has lost under this collective bargaining agreement as a result of Snyder's conduct.

In response, plaintiff asserts that the arbitration ruling is not binding and that it does not affect his statutory rights. Plaintiff's Opp. at 18-19. Although this argument is correct, it ignores an important fact: Chambliss' statutory rights are distinct from his contractual rights. Chambliss has asserted his statutory rights in other counts of the complaint. This count only seeks to enforce his contractual rights, and he cannot identify any contractual rights that were infringed by defendant Snyder's conduct. For this reason, the Court should grant Snyder summary judgment on this count.

2.     Snyder was not involved in Chambliss' discipline

Further, Chambliss has not and cannot identify any action by Snyder that lead to his termination or subsequent reconciliation.  In apparent recognition of this glaring defect in this claim, Chambliss again ignores the facts developed to date, including his deposition testimony, and argues a new theory.  He now asserts Snyder affected his economic relationship with Amtrak because he engaged allegedly racist behaviors, which created a hostile environment.  Plaintiff's Opp. at 16-18.

This new theory cannot sustain Chambliss' claims.  His argument contradicts all of his prior explanations of this count.  *See* Complaint at ¶ 29 ("[a]s a result of the acts of the defendant, Stephen Snyder, plaintiff to be *terminated* [sic]") (emphasis added); *id.* at ¶ 30 (*Steven Snyder "caused the plaintiff to be terminated from his employment* with National Railroad Passenger Corporation/Amtrak") (emphasis added).

Plaintiff's new twist on this count also contradicts his deposition testimony where he explained the factual basis for this count:

> Q.     Paragraph 31 – let me back up.  Paragraph 30, Steven Snyder occupied a managerial position with the defendant, National Railroad Passenger Corporation/Amtrak and caused the plaintiff to be terminated from his employment with National Railroad Passenger Corporation/Amtrak.
>
> How did he cause you to be terminated?
>
> A.     Same answers previously.
>
> Q.     Because if he hadn't thrown the book –that set the chain of events?
>
> A.     Yes.
>
> Q.     Is that right?
>
> A.     Yes.

Chambliss Dep. at 190-91; *see id.* at 191 ("[w]ell, to me, when Mr. Snyder did, again his actions precipitated the events of Amtrak filing charges against me).

Chambliss cannot transform his claims at this late stage of the litigation. Although he apparently recognizes the claims he pled in his complaint have no merit, he cannot unilaterally amend these claims after the close of discovery and in response to a meritorious summary judgment motion. Moreover, as defendants have repeatedly pointed out, Chambliss cannot create a material issue of fact by contradicting his own deposition testimony. *Pyramid Secs. Ltd.,* 924 F.2d at 1123.

3.    Chambliss is responsible for the discipline he received

Finally, regardless of Snyder's conduct, the undisputed facts establish that Chambliss' own conduct lead to Amtrak's decision to impose discipline. Specifically, after Snyder threw the four-ounce safety book at Chambliss, Chambliss chose (1) not to report his injury in a timely manner, (2) not to provide truthful information to management regarding his injury; and (3) to take absences in excess of the Company's attendance standard. Statement at ¶ 16-22. Chambliss can blame only himself for this misconduct.

Plaintiff has attempted to respond to this argument with a single paragraph. Plaintiff's Opp. at 18 (heading on page 17). This paragraph fails to identify any conduct by Snyder that compelled Chambliss to engage in misconduct. Because Chambliss alleged injury was caused by his conduct, rather than any action taken by defendant Snyder, defendants are entitled to summary judgment on count four.

C.    Defendants Are Entitled to Summary Judgment on
      The Intentional Infliction of Emotional Distress Claim

Finally, Chambliss has failed to provide any reason his intentional infliction of

emotional distress claim should survive summary judgment. First, this claim is time-

barred. It relies on his assault and battery claim and therefore is subject to the same

statute of limitations. *See Hunter v. District of Columbia,* 943 F.2d 69, 72 (D.C. Cir.

1991) (where emotional distress claim is not independent of alleged assault and battery, it

is barred by the one-year statute of limitations).

Second, Chambliss' claim cannot satisfy the very high legal standard applicable to

such claims because the D.C. Court of Appeals has stated that "employer-employee

conflicts do not, as a matter of law, rise to the level of outrageous conduct." *Howard*

*University v. Best*, 484 A.2d 958, 986 (D.C. 1984).

Plaintiff ignores the cases cited in defendants' opening brief, establishing that

claims for harassment and alleged workplace mistreatment fail to state a viable claim for

intentional infliction of emotional distress. *Thompson v. Jasas Corp,* 212 F. Supp.2d 21,

27-28 (D.D. C. 2002); *Shewmaker v. Minchew*, 504 F. Supp. 156, 163 (D.D.C. 1980)

*aff'd,* 666 F.2d 616 (D.C. Cir. 1981). As a matter of law, these claims do not establish

the extreme and outrageous behavior necessary to support this tort.

Third, this claim fails because plaintiff cannot show damages. Chambliss failed

to designate an expert witness in compliance with the deadline set forth in the Court's

February 27th Order. Without expert testimony, he cannot make the evidentiary showing

necessary to establish this tort. *See Williams v. Callaghan*, 938 F. Supp. 46, 51 (D.D.C.

1996).

- 22 -

CONCLUSION

Defendants National Railroad Passenger Corporation and Steven Snyder are entitled to summary judgment on all of plaintiff's claims. Plaintiff's claims should be dismissed for failing to comply with LCvR 56.1 and this Court's Orders. Even if the Court were to consider plaintiff's claims on their merits, there are no material issues in dispute and, as a matter of law, defendants are entitled to judgment on all five counts in plaintiff's complaint.

The Court should grant defendants' motion in all respects. Plaintiff has failed to provide any basis that would allow his claims to proceed to trial.

Dated: October 9, 2006                              Respectfully submitted,

                                                    KRUCHKO & FRIES

                                                    By: _John G. Kruchko/kf_
                                                        John G. Kruchko

                                                    _Keith Fischler_
OF COUNSEL:                                          Keith Fischler
                                                    D.C. Bar No. 377601
KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, VA 22102                                     Counsel for Defendants
(703) 734-0554                                       National Railroad Passenger
                                                    Corporation and Steven Snyder

- 23 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2006 I served a copy of the foregoing Reply

Memorandum in Response to Plaintiff's Opposition to Defendants' Motion for Summary

Judgment by electronic mail and first-class mail, postage prepaid on:

        Norris C. Ramsey, Esq.
        2122 Maryland Avenue
        Baltimore, MD 21218

- 24 -